Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| REALTY AND FINANCE CORPORATION<br><br>DEMANDANTE-RECURRIDA<br><br><br>v.<br><br><br>EMPRESAS LOYOLA INC., SOCIEDAD EN COMANDITA, SE; IRIS MARÍA MORALES GONZALEZ; JOSÉ ENRIQUE DIAZ GONZÁLEZ; JOSEFINA MUJICA BAUZA Y LA SOCIEDDAD LEGAL DE GANANCIALES COMPUESTA POR ÉSTOS; IGNACIO REINOSA QUIÑONES, MARITZA MATEO Y LA SOCIEDAD LEGAL DE GANANCIALES; JOSÉ MUJICA PASTRANA, NILDA RAMONA BAUZA ÁLAMO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ÉSTOS; FELIPE MIGUEL ORTIZ ARTAU; ASOCIACIÓN DE RESIDENTES CIUDAD JARDIN DE CAROLINA, INC.; MULTIPLES MORTGAGE CORP.; POPULAR MORTGAGE CORPORATION; Y OTROS<br><br>DEMANDADOS-RECURRIDOS<br><br><br>DANIEL RIVERA MONTES, NEDA LIZ GONZÁLEZ MALAVÉ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS; ELENA PAGÁN ASENCIO<br><br>DEMANDADOS-PETICIONARIOS | KLCE202400245 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2018CV03126<br><br><br>Sobre:<br>Acción Reivindicatoria y otros |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

I.

El 31 de octubre de 2018 Realty and Finance Corporation (Realty)

presentó *Demanda* sobre acción reivindicatoria, reconocimiento de titularidad

Número Identificador

SEN2024_____

y daños y perjuicios, contra Empresas Loyola I, Empresas Loyola Inc., Sociedad en Comandita, SE; Iris María Morales González, José Enrique Diaz González, su esposa Josefina Mujica Bauzá y la Sociedad Legal de Gananciales compuesta por estos, Ignacio Reinosa Quiñones, Maritza Mateo Rivera y la Sociedad Legal de Gananciales compuesta por estos, José Mujica Pastrana, Nilda Ramona Bauzá Álamo y la Sociedad Legal de Gananciales compuesta por estos, Felipe Miguel Ortiz Artau, Daniel Rivera Montes, su esposa Neda Liz González Malavé y la Sociedad Legal de Gananciales compuesta por estos, Multiples Mortgage Corporation, Municipio Autónomo de Carolina, Popular Mortgage Inc., Asociación de Residentes Cuidad Jardín de Carolina, Inc., Fulano y Sutano De Tal, A, B, Y C, Corporaciones X, Y, Z, y, Compañías de Nombre Desconocido, X, Y, Z. (Empresas Loyola y otros).

En su *Demanda*, Realty alegó ser dueña de la finca número 5846 desde el 30 de noviembre de 1993 y que dicha propiedad fue absorbida por la finca 49802, propiedad en la que Empresas Loyola construyó parte de la Urbanización Ciudad Jardín de Carolina. Aseveró que, Empresas Loyola y otros, carecían de un justo título, válido y verdadero y que habían poseído de mala fe. Solicitaron al Tribunal de Primera Instancia, que le reconociera como único titular con un título válido y le concediera el pago por los frutos que hubiera podido generar, daños y perjuicios, costas, gastos y honorarios de abogado.

El 18 de diciembre de 2018, el señor Ortiz Artau, sin someterse a la jurisdicción del Tribunal, presentó *Moción* de desestimación. Alegó que había cedido la totalidad de su participación en el inmueble a la Sra. Elena María Pagán Asencio. El 29 de enero de 2019, notificada el 30, el Foro primario emitió *Sentencia Parcial* desestimando la *Demanda* contra el señor Ortiz Artau. Se incluyó a la señora Pagán Asencio como codemandada.

El 4 de febrero de 2019, BPPR presentó *Moción de Desestimación.* Planteó que tenía un derecho de crédito hipotecario válido y debidamente inscrito en el Registro de la Propiedad sobre los solares 7B, 8 y 32 de la

Urbanización de Ciudad Jardín de Carolina. Arguyó que debía ser considerado un tercero civil protegido por la fe pública registral.

Por su parte, el 8 de febrero de 2019, el Municipio de Carolina también presentó *Moción de Desestimación*. Alegó, de igual forma, estar protegido por la fe pública registral, ya que había adquirido para uso público, las calles Gladiola, Girasol y Hortensia de dicha Urbanización, por medio de quien constaba en el Registro de la Propiedad como titular.

Posteriormente, los codemandados Asociación de Residentes de Ciudad Jardín de Carolina, la señora Morales González, el señor Reinosa Quiñones, la señora Mateo Rivera, el señor Rivera Montes y su esposa González Malavé, la señora Pagán Asencio y el señor Diaz González y su esposa Mujica Bauzá, presentaron todos sus respectivas contestaciones a la *Demanda*.

El 19 de marzo de 2019, notificada el 20, el Foro primario declaró No Ha Lugar por el momento las mociones de desestimación presentadas por el BPPR y el Municipio de Carolina. El 4 de abril de 2019, BPPR presentó, sin éxito, *Moción de Reconsideración*. Por su parte, el 23 de agosto de 2019, el Municipio de Carolina presentó *Moción Reiterando Solicitud de Desestimación*. El 9 de septiembre de 2019, el Foro *a quo* emitió *Orden* declarando No Ha Lugar la solicitud de desestimación presentada por el Municipio de Carolina.

El 1 de octubre de 2019, la señora Morales González presentó *Moción en Torno a las Solicitudes de Desestimación Presentadas por el Banco Popular de Puerto Rico y el Municipio Autónomo de Carolina*. El 2 de octubre de 2019, Multiples Mortgage presentó *Moción Informativa para Unirnos a la Solicitud de Desestimación presentada por el BPPR*. Por su parte, el señor Mujica Pastrana, la señora Bauzá Álamo, la señora Mujica Bauzá y el señor Díaz González presentaron *Moción en torno a las solicitudes de desestimación presentadas por el Banco Popular de Puerto Rico y el Municipio Autónomo de Carolina*, uniéndose a los planteamientos de la solicitud de desestimación del BPPR.

El 14 de octubre de 2019, el señor Rivera Montes y la señora González Malavé, presentaron *Moción para unirse a la moción de desestimación presentada por el Banco Popular de Puerto Rico y sobre la reserva de las*

*alegaciones*. Arguyeron estar protegidos por la fe pública registral, basados en que habían adquirido por compraventa de los titulares registrales e inscrito su derecho en el Registro de la Propiedad, según constaba de la Certificación Registral que acompañaba dicha moción. En esa misma fecha, la señora Pagán Asencio presentó *Moción para unirse a la moción de desestimación presentada por el BPPR y sobre la reserva de las alegaciones*. Junto a su *Moción* presentó un estudio de título y alegó haber adquirido por medio de titulares registrales lo que le convirtió en tercero registral con toda la protección bajo la fe pública registral.

En respuesta, el 20 de noviembre de 2019, Realty presentó *Moción en Oposición a Desestimación a la qu[e] [s]e unieron los codemandados*. Señaló, en síntesis, que por tener un derecho propietario que justifica la concesión de un remedio, no procede la desestimación. Sostuvo, que desestimar el pleito sería contradictorio por ser estos partes indispensables, cuyos intereses pueden verse afectados.

El 13 de diciembre de 2019, notificada el 17, el Foro primario emitió *Sentencia Parcial* declarando Con Lugar las mociones de desestimación presentadas por el Municipio de Carolina y por el BPPR. Concluyó que estos eran terceros civiles, de buena fe y a título oneroso. Según su dictamen, estos adquirieron derechos reales inmobiliarios directamente de las personas que aparecen en el Registro con la facultad para así hacerlo. El 18 de diciembre de 2019, notificada el 26, el Tribunal de Primera Instancia, emitió *Sentencia Parcial Enmendada*, para añadir a la señora Morales González y a Multiples Mortgage, para desestimar bajo los mismos fundamentos de tercería civil protegido bajo la fe pública registral.

El 30 de diciembre de 2019, fue presentada *Moción reiterando solicitud de desestimación y/o solicitud de reconsideración o enmienda a sentencia parcial enmendada* por el señor Mujica Pastrana, la señora Bauzá Álamo, la señora Mujica Bauzá y el señor Díaz González. Señalaron que el Foro primario nada dispuso en la *Sentencia* en torno a su solicitud de desestimación y que estos se encontraban en la misma posición de la codemandada Morales

González. Por ello, se debía enmendar la *Sentencia Parcial Enmendada* para desestimar a favor de estos. En esta misma fecha, el señor Rivera Montes, la señora González Malavé y la señora Pagán Asencio, presentaron *Moción solicitando reconsideración.* El 13 de enero de 2020, Realty presentó *Reconsideración de la Sentencia Parcial Enmendada.* Reprodujo el argumento de que era improcedente desestimar la causa contra los codemandados por estos ser partes indispensables.

El 9 de marzo de 2021 el Foro primario emitió *Orden* que establecía **"Atendidos los [p]lanteamientos de las partes este Tribunal declara No Ha Lugar la Reconsideración presentada".**[1] El 17 de marzo de 2021, el señor Mujica Pastrana, la señora Bauzá Álamo, la señora Mujica Bauzá y el señor Díaz González presentaron *Moción Solicitando Aclaración y/o Determinación Respecto a Moción Presentada.* **Solicitaron al Foro primario que aclarara a cuál de las mociones de reconsideración se refería.** A esa misma fecha el Tribunal de Primera Instancia emitió *Orden* en la que estableció que **"esa orden fue puesta por error de Secretaría. Responde a una de enero. Hagan caso omiso."**

Luego de varios trámites procesales, el 22 de agosto de 2023, el señor Rivera Montes, la señora González Malavé y la señora Pagán Asencio incoaron *Moción reiterando la desestimación de la demanda según presentada en Sumac 216.* De esta forma reiteraron su solicitud de desestimación de la *Demanda* a base de los fundamentos de protección por tercería registral. El 11 de septiembre de 2023, Realty presentó su *Oposición a Moción de Desestimación.* Fundamentó su oposición en la doctrina de la ley del caso, alegando que las mociones de reconsideración presentadas por Rivera Montes, González Malavé y Pagán Asencio fueron resueltas el 9 de marzo de 2021 y que estos tenían hasta el 8 de abril de 2022 para presentar un recurso apelativo.

---

[1] Inconforme Realty acudió ante este Tribunal de Apelaciones mediante el recurso KLAN202100231. El 6 de junio de 2022 un Panel hermano emitió *Sentencia* confirmando la *Sentencia Parcial Enmendada.* Aun en desacuerdo, acudieron a nuestro más Alto foro mediante *certiorari,* el cual fue declarado No Ha Lugar mediante *Resolución* del 14 de octubre de 2022.

El 6 de diciembre de 2023 el Tribunal de Primera Instancia emitió *Resolución* declarando No Ha Lugar las mociones de desestimación que fueron presentadas el 22 de agosto de 2023, por Rivera Montes, González Malavé y Pagán Asencio. Estableció que las mociones de reconsideración presentadas por: **Mujica Pastrana**, **Bauzá Álamo**, **Mujica Bauzá** y **Díaz González**, el **30 de diciembre de 2019**, la presentada por **Rivera Montes**, **González Malavé** y **Pagán Asencio**, el **30 de diciembre de 2019**, así como la presentada por **Realty** el **13 de enero de 2020**, fueron atendidas por el Tribunal mediante *Orden* del **9 de marzo de 2021**. Añadió que, al no recurrir dentro del término adecuado y presentar la misma solicitud con los mismos fundamentos y haciendo referencia a las mismas mociones sobre las que se resolvió previamente, la decisión constituyó una decisión final de la controversia en sus partes por lo que no se podía volver a examinar.

Inconformes, el 21 de diciembre de 2023, el señor Rivera Montes, la señora González Malavé y la señora Pagán Asencio solicitaron reconsideración, mediante dos (2) mociones. Estas fueron declaradas No Ha Lugar el 29 de enero de 2024 por el Foro *a quo*. Aún inconformes, el 28 de febrero de 2024 recurrieron ante nos mediante *Petición de Certiorari*. Plantean:

**PRIMER ERROR:**
Incidió el Tribunal de Primera Instancia al resolver que las solicitudes para la desestimación de la demanda presentadas por los peticionarios habían sido denegadas mediante *Orden* del 9 de marzo de 2021 y que al no recurrirse de dicho dictamen, la misma constituía una decisión final de la controversia en sus méritos que no podía reexaminarse debido a la doctrina de la ley del caso. No obstante, del tracto procesal del caso surge que dicha orden fue dejada sin efecto mediante la *Orden* del 17 de marzo de 2021, a la que el TPI no aludió ni refirió en la resolución recurrida, por lo que medió abuso de discreción e incurrió en error manifiesto.

**SEGUNDO ERROR:**
Cometió error el foro de instancia al denegar las solicitudes para la desestimación de la demanda basadas en la protección de la tercería registral, a pesar de que los peticionarios acreditaron y establecieron que les aplica dicha doctrina y contradictoriamente el TPI desestimó la demanda contra el Banco Popular de Puerto Rico, el acreedor hipotecario al resolver que era un tercero registral.

El 5 de marzo de 2024 emitimos *Resolución* concediéndole a la parte recurrida diez (10) días para expresarse. El 11 de marzo de 2024 Realty compareció mediante *Oposición a Expedición de Certiorari.* Alegaron que carecíamos de jurisdicción para intervenir debido a que la *Orden* del 9 de marzo de 2021 emitida por el Tribunal de Primera Instancia había advenido final y firme. Además, solicitaron que se desestimara el recurso por falta de jurisdicción bajo la Regla 34 de nuestro Reglamento debido a que alegan que los señores Rivera Montes, González Malavé /y Pagán Asencio no incluyeron documentos y mociones que inciden sobre los señalamientos de error y que contribuyeron a la adjudicación que hizo el foro *a quo* en cuanto a la defensa de tercería registral del BPPR y el Municipio de Carolina.

II.

A.

Como es sabido, el auto de C*ertiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior.  Sin embargo, distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de C*ertiorari* de manera discrecional[2].

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, dispone los criterios a tomar en consideración al determinar si procede la expedición de un auto de *Certiorari.* Dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden para mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[2] *Negrón* v. *Srio. de Justicia*, 154 DPR 79, págs. 90-91 (2001).

D.     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.     Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F.     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de los criterios antes expuestos en la precitada Regla 40, es por sí solo determinante para este ejercicio de jurisdicción, y no constituye una lista exhaustiva.[3] Sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso.[4]

Como foro apelativo intermedio debemos abstenernos de intervenir con los dictámenes interlocutorios que emita el foro de instancia durante el transcurso de un juicio, a menos que se demuestre claro abuso de discreción o arbitrariedad.[5] Por imperativo de la naturaleza extraordinaria y discrecional del auto de *certiorari*, debemos determinar si el ejercicio de nuestra facultad revisora es oportuno y adecuado. Su propósito es que corrijamos errores cometidos por un tribunal de menor jerarquía no sin antes determinar si por vía de excepción, procede que expidamos o no el auto solicitado.[6]

El Tribunal de Instancia incurre en abuso de discreción cuando: "la decisión que emite no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en

---

[3] H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560. Véase, además: *García* v. *Padró*, 165 DPR 324, 335 esc. 15.

[4] *Torres Martínez* v. *Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[5] *García* v. *Asociación*, 165 DPR 311, 322 (2005); *Meléndez* v. *Caribbean Int'l News*, 151 DPR 649, 664 (2000).

[6] *García*, 165 DPR, pág. 335; *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 93 (2001).

cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[7]

B.

El debido proceso de ley, como un derecho fundamental, encarna la esencia de nuestro sistema de justicia. Entre sus componentes básicos que hacen que el proceso sea uno justo y equitativo, se encuentra el derecho a recibir una notificación adecuada del proceso.[8] Es importante que la parte reciba una notificación adecuada, para que pueda enterarse de la decisión final que ha sido tomada en su contra y así ejercer cualquier derecho que entienda procedente.[9] Una notificación que es efectiva, especifica las partes notificadas, de manera que estas puedan ejercer eficazmente el derecho a la revisión judicial.[10]

En *Plan Salud Unión* v. *Seaboard Sur. Co.,*[11] el Tribunal Supremo de Puerto Rico señaló que la omisión de cumplir con los requisitos formales de notificación pudiera crear un ambiente de incertidumbre sobre el inicio del término para acudir a un tribunal de mayor jerarquía para revisar un dictamen recurrido. Es por eso que, las notificaciones de las órdenes, resoluciones y sentencias son un requisito *sine qua non* de un ordenado sistema judicial que deben ser oportunas y en los formularios correspondientes. Están incluidos en los errores que se pueden cometer aquellos que ocurren "por inadvertencia u omisión, o errores mecanográficos, o que no pueden considerarse que van a la sustancia de la sentencia, orden o resolución, no que se relacionan con asuntos discrecionales".[12]

Dicha notificación debe ser "real y efectiva, ajustada a los perceptos estatutarios aplicables".[13] La falta de notificación adecuada podría afectar el derecho de cuestionar las mismas, enervando así las garantías del debido

---

[7] *Pueblo* v. *Ortega Santiago*, 125 DPR 203, 211-212 (1990).
[8] *Vázquez González* v. *Mun. San Juan,* 178 DPR 636, 643 (2010)
[9] *Plan Salud Unión* v. *Seaboard Sur. Co.,* 182 DPR 714 (2011).
[10] *Lugo Rodríguez* v. *J.P.,* 150 DPR 29, 43 (2000).
[11] 182 DPR 714 (2011).
[12] *Plan Salud Unión* v. *Seaboard Sur. Co.,* 182 DPR 714, 721 (2011).
[13] *Río Const. Corp.* v. *Mun. de Caguas*, 155 DPR 394, 412 (2001); *Martínez, Inc.* v. *Abijoe Realty Corp.,* 151 DPR 1, 7–8 (2000); *Asoc. Residentes* v. *Montebello Dev. Corp.,* 138 DPR 412, 421 (1995).

proceso de ley.[14] No se le podría exigir a una parte que actúe con diligencia y de acuerdo con el estado procesal del caso, si esta desconoce el mismo por no haber sido notificada adecuadamente, por lo que mientras no se notifique a una de las partes una resolución u orden, esta no surtirá efecto.[15]

III.

En su sustrato, los señores Rivera Montes, González Malavé y Pagán Asencio, alegan que incidió el Tribunal de Primera Instancia al emitir la *Resolución* del 6 de diciembre de 2023, en la que declaró No Ha Lugar las mociones de desestimación que presentaron el 22 de agosto de 2023. Plantean que, debido a que las solicitudes de desestimación que estos habían presentado desde el 14 de octubre de 2019 no fueron resueltas por el Foro *a quo,* dicho Foro no podía determinar que la *Orden* del 9 de marzo de 2021 constituía una decisión final y firme de la que no habían recurrido. Les asiste razón. Veamos por qué.

Según esbozado anteriormente, surge del expediente que el 4 de febrero de 2019 el BPPR presentó *Moción de Desestimación.* De igual forma, el 8 de febrero de 2019 el Municipio de Carolina presentó su *Moción de Desestimación.* Posteriormente fueron presentadas las siguientes mociones: (1) ***Moción en torno a las Solicitudes de Desestimación Presentadas por el Banco Popular de Puerto Rico y el Municipio Autónomo de Carolina*** por la señora **Morales González el 1 de octubre de 2019**; (2) ***Moción Informativa para Unirnos a la Solicitud de Desestimación presentada por el BPPR*** por **Multiples Mortgage el 2 de octubre de 2019**; (3) ***Moción en torno a las solicitudes de desestimación presentadas por el Banco Popular de Puerto Rico y el Municipio Autónomo de Carolina*** presentadas por **Mujica Pastrana, Bauzá Álamo, Mujica Bauzá y Díaz González el 2 de octubre de 2019**; (4) ***Moción para unirse a la moción de desestimación presentada por el Banco Popular y sobre la reserva de las alegaciones*** por **Rivera Montes y González Malavé el 14 de octubre de 2019**; (5) ***Moción***

---

[14] *Maldonado* v. *Junta Planificación*, 171 DPR 46, 57-58 (2011).
[15] *Vélez* v. *A.A.A*, 164 DPR 772, 794 (2005)

*para unirse a la moción de desestimación presentada por el BPPR y sobre la reserva de las alegaciones* por **la señora Pagán Asencio** y; (6) *Moción en Oposición a Desestimación a la qu[e] [s]e unieron los codemandados* por Realty el 20 de noviembre de 2019.

El **17 de diciembre de 2019** el Tribunal de Primera Instancia emitió *Sentencia Parcial* en la que declara **Con Lugar las mociones de desestimación que habían sido presentadas por el BPPR y el Municipio de Carolina**. Posteriormente, el Foro primario emitió *Sentencia Parcial Enmendada* en la que añadió **a la señora Morales González y a Multiples Mortgage**. **Sin embargo, nada expresó en torno a las demás mociones de desestimación presentadas por los otros codemandados.**

Posteriormente, **el 30 de diciembre de 2019**, los señores Mujica Pastrana, Bauzá Álamo, Mujica Bauzá y Díaz González presentaron *Moción reiterando solicitud de desestimación y/o solicitud de reconsideración o enmienda a sentencia parcial* y los **señores Rivera Montes, González Malavé y Pagán Asencio** presentaron *Moción solicitando reconsideración*.

El **9 de marzo de 2021** el Foro primario emitió *Orden* en la que establecía que atendidos los planteamientos **declaraba No Ha Lugar la reconsideración** que fue presentada. El **17 de marzo de 2021**, luego de las partes haber solicitado aclaración en cuanto a cuál de las reconsideraciones aplicaba la *Orden* del 9 de marzo de 2021, el Foro *a quo* emitió otra *Orden* en la **que señalaba que la *Orden* del 9 de marzo de 2021 fue puesta por error de Secretaría y que hicieran caso omiso.**

Debido al silencio del Tribunal de Primera Instancia, el **22 de agosto de 2023**, los señores **Rivera Montes, González Malavé y la señora Pagán Asencio presentaron** *Moción reiterando la desestimación de la demanda según presentada en Sumac 216.* Esta fue **declarada No Ha Lugar** por el Tribunal de Primera Instancia el **6 de diciembre de 2023**. Razonó el Foro *a quo*, que las mociones presentadas habían sido atendidas mediante *Orden* del 9 de marzo de 2021 y que, al no recurrir dentro del término adecuado, la

decisión constituyó una decisión final de la controversia por lo que no se podía volver a examinar. Erró.

La *Sentencia Parcial* y *Sentencia Parcial Enmendada,* desestimando el pleito contra BPPR, el Municipio de Carolina, la señora Morales González y a Multiples Mortgage, no dispuso sobre las mociones de desestimación presentadas por los demás codemandados. De hecho, tras múltiples mociones de los codemandados reiterando sus planteamientos, el 9 de marzo de 2021, el Foro primario emitió una *Orden* sin hacer referencia a las mociones que respondía. Además, el 17 de marzo de 2021 emitió otra *Orden* estableciendo que la anterior había sido puesta por error y que hicieran caso omiso a esta.

Este tracto procesal refleja sin dudas, que el Tribunal de Primera Instancia emitió órdenes y notificaciones confusas e inconclusas en las que los codemandados descansaron en espera de que sus mociones fueran resueltas con posterioridad. El dictamen que pretendió atender múltiples mociones presentadas por partes diversas y en fechas distintas, debió especificar a cuáles mociones se refería y los fundamentos para denegar cada una de ellas. La inadecuada notificación de la *Orden* ocasionó, que la parte desconociera si su moción fue debidamente atendida y resuelta, afectando su derecho a revisarla ante un foro de mayor jerarquía si así lo consideraba necesario. La ineficaz *Orden* en cuanto a las mociones en cuestión no activó la doctrina de la ley del caso y mucho menos, los términos para recurrir ante nos. Corresponde al Tribunal recurrido emitir una respuesta real, efectiva y ajustada a los perceptos estatutarios aplicables y notificar a todas las partes su determinación.

En virtud de lo anterior, corresponde *revocar* la *Resolució*n recurrida y devolver al Tribunal de Primera Instancia para que atienda adecuadamente y resuelva efectivamente las mociones de desestimación y sus reconsideraciones aun sin resolver.

IV.

Por los fundamentos antes expuesto, *expedimos* el Auto de *Certiorari* y *revocamos* la *Resolución* recurrida. Ordenamos la continuación de los procedimientos en el Tribunal de Primera Instancia de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones