Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JORGE BURGOS RAMOS, LISVIA ARCE GARCÍA<br><br>*Apelante*<br><br>v.<br><br>PEDRO GIL ROCIO, PROVIDENCIA PABÓN AGUIRRE T/C/C COMO PROVIDENCIA PABÓN DE GIL, SUCESIÓN DESCONOCIDA DE PEDRO GIL Y OTROS<br><br>*Apelado* | KLAN202400598 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV05871 (504)<br><br>Sobre: Acción Contradictoria de Dominio, Usucapión |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece Jorge Burgos Ramos y Lisvia Arce García (en conjunto, parte apelante) mediante recurso de *Apelación* y nos solicitan la revisión de la *Sentencia* emitida y notificada el 16 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el aludido dictamen, el foro primario desestimó la *Demanda Enmendada* presentada por la parte apelante.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de *Apelación* por falta de jurisdicción.

**I.**

El 19 de junio de 2023, la parte apelante presentó una *Demanda Enmendada*[1] sobre cancelación de asiento de inscripción, sentencia declaratoria y dominio contradictorio contra Pedro Gil

---

[1] Apéndice del recurso, págs. 8-9.

Rocio y Providencia Pabón Aguirre t/c/c Providencia Pabón de Gil (en conjunto, parte apelada).

El 17 de octubre de 2023, el TPI ordenó la anotación de rebeldía a la parte apelada por no haber comparecido en el pleito[2]. El 14 de noviembre de 2023, notificada el 15 de noviembre de 2023, se emitió una *Orden*[3], en la que se le ordenó a la parte apelante presentar un memorando de derecho en el que expusiera su posición sobre cómo se logra probar la posesión de un bien inmueble, en calidad de arrendador del inmueble en controversia. El 11 de diciembre de 2023, la parte apelante presentó *Memorando de Derecho*[4].

Así las cosas, el 16 de mayo de 2024, el TPI emitió y notificó la *Sentencia*[5] apelada, en la que desestimó la *Demanda Enmendada* presentada por la parte apelante.

Inconforme, el 17 de junio de 2024, la parte apelante compareció ante nos mediante el recurso de epígrafe en el que le imputó al TPI la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al desestimar la demanda enmendada sin celebrar una vista en su fondo a pesar de haber anotado la rebeldía a los demandados-apelados.

> Erró el Tribunal de Primera Instancia al desestimar la demanda al interpretar de forma incorrecta el concepto de posesión inmediata.

> Erró al determinar que no se puede consumar la prescripción extraordinaria por haber cedido en arrendamiento el inmueble por consiguiente no se cumple con el requisito de posesión ininterrumpida.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 7.

---

[2] Apéndice del recurso, pág. 10.
[3] Apéndice del recurso, pág. 17.
[4] Apéndice del recurso, págs. 18-24.
[5] Apéndice del recurso, págs. 1-7.

## II.

### -A-

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[6]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[7].

El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[8]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[9]. Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[10]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[11]. La Regla 83 del Reglamento del Tribunal de Apelaciones autoriza a este Tribunal para que, a iniciativa propia o a solicitud de parte, desestime un recurso por falta de jurisdicción[12].

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo[13]. Su presentación no produce efecto jurídico alguno ya que la falta de jurisdicción es un defecto insubsanable[14]. Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no hay jurisdicción[15].

---

[6] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[7] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[8] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[9] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[10] *Íd.*

[11] *Morán v. Martí*, 165 DPR 356, 364 (2005).

[12] 4 LPRA Ap. XXII-B, R. 83.

[13] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999).

[14] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

[15] Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**III.**

En este caso, la parte apelante solicitó la revisión de la *Sentencia* emitida y notificada el 16 de mayo de 2024. En síntesis, la parte apelante alega que erró el TPI al desestimar la *Demanda Enmendada.* Ahora bien, como mencionamos, los tribunales tenemos la indelegable labor de auscultar nuestra jurisdicción, incluso cuando dicho asunto no se nos haya planteado. Así, al evaluar el expediente y la *Sentencia* apelada, notamos que carecemos de jurisdicción para atender el recurso debido a su presentación prematura. Veamos.

Al examinar con detenimiento el expediente ante nuestra consideración, advertimos que la *Sentencia* apelada no contiene el nombre ni la firma del juez o la jueza que emitió la determinación. Por tanto, no tenemos jurisdicción para atender el recurso de epígrafe. Nuestra decisión está basada en el hecho de que la firma del juez o jueza no constituye un mero requisito de forma; todo lo contrario, esta es la que le brinda a toda orden, resolución y sentencia autenticidad, legitimidad y validez.

La falta de cumplimiento del foro primario con el requisito jurídico de notificar adecuadamente la *Sentencia,* en la cual determinó desestimar la causa de acción presentada por la parte apelante, provocó que los procesos acontecidos con posterioridad no surtieran efectos legales; por lo que, no existe una *Sentencia* revisable.

No cabe duda de que una notificación defectuosa no activa los términos jurisdiccionales que tienen las partes para presentar los recursos posteriores a la sentencia[16]. Hasta que no se emita una *Sentencia* firmada por el juez o la jueza que tomó la determinación no comenzarán a transcurrir los términos para acudir ante este

---

[16] *Plan Salud Unión v. Seaboard Sur. Co.,* 182 DPR 714, 723 (2011); *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 94 (2011).

tribunal. Por lo anterior, resulta forzoso desestimar el presente recurso de apelación por haberse presentado de forma prematura, lo que nos priva de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción y devolvemos el caso al TPI para la continuación de los procedimientos, cónsono con lo aquí dispuesto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones