Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| OLGA MÉNDEZ OLIVIERI<br><br>Apelada<br><br>V.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO SURFSIDE MANSION; Y OTROS<br><br>Apelantes | KLAN202401026 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2018CV00795 (401)<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

El 18 de noviembre de 2024, compareció ante este Tribunal de Apelaciones, Monitoreo 24 Horas (Monitoreo), su aseguradora Multinational Insurance Company (MIC) y Karen Santiago en su carácter oficial (en conjunto, la parte apelante) mediante *Recurso de Apelación.* En el aludido recurso, la parte apelante nos solicita que revisemos la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 18 de octubre de 2024, en el caso *Olga Méndez Olivieri v. Consejo de Titulares del Condominio Surfside Mansions y otros,* caso número CA2018CV00795.

### I

El caso de marras es secuela de otros dos recursos previos, a saber, el KLCE202200591 y el KLCE202301262, ambos atendidos por los mismos jueces que conformamos este Panel.[1]

---

[1] Adoptamos por referencia el tracto procesal esbozado tanto en nuestra *Resolución* del 22 de junio de 2022 como en la del 30 de noviembre de 2023.

Número Identificador

SEN2024 _____

En lo pertinente al caso que nos ocupa en esta ocasión, luego de haber llevado a cabo una revisión al Sistema Unificado de Manejo y Administración de Casos (SUMAC), nos percatamos que, con posterioridad a la *Sentencia Parcial* apelada, el día 4 de noviembre de 2024, la señora Olga Méndez Olivieri incoó ante el foro primario *Moción de Reconsideración*[2]. En atención a la aludida moción de reconsideración, mediante *Orden* emitida el día **18 de noviembre de 2024**[3], notificada en igual fecha, la primera instancia judicial dispuso lo siguiente:

> Se conceden 15 días a las partes codemandadas sobre las cuales se presenta esta reconsideración para que se expresen. Transcurrido dicho término el tribunal dispondrá.

Por considerarlo innecesario, prescindimos de la posición de la parte apelada, de conformidad con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones[4], y procedemos a disponer del recurso de epígrafe.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de

---

[2] Es preciso mencionar que, la referida *Moción de Reconsideración* no fue incluida como parte de los anejos del apéndice del recurso.
[3] La aludida *Orden* tampoco fue incluida como parte de los anejos del recurso.
[4] 4 LPRA Ap. XXII-B, R. 7 (B) (5).

jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). "**Ello es así, puesto que su presentación carece de eficacia y no produce ningún efecto jurídico**, pues en ese momento o instante en el tiempo -*punctum temporis*- aún no ha nacido autoridad judicial o administrativa alguna para acogerlo". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[5] *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395

---

[5] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

(2022); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[6], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Efecto interruptor de la reconsideración

La Regla 52.2(a) de Procedimiento Civil[7], establece que los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias o resoluciones deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo de copia de la notificación de la sentencia dictada por el tribunal apelado. Lo anterior también está recogido, de forma detallada, en la Regla 13(A) del Reglamento del Tribunal de Apelaciones.[8]

Por otro lado, el inciso (e)(2) de la Regla 52.2 de Procedimiento Civil[9], reconoce que el mencionado término de revisión judicial puede ser interrumpido por una oportuna solicitud de reconsideración presentada en virtud de la Regla 47 de Procedimiento Civil[10]. A su vez, el inciso (h) de la mencionada regla procesal especifica que la interrupción de dicho término "beneficiará a cualquier otra parte que se halle en el pleito".[11]

En lo referente a la solicitud de reconsideración, la Regla 47 de Procedimiento Civil, *supra*, establece que la parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de

---

[6] 4 LPRA Ap. XXII-B, R. 83.
[7] 32 LPRA Ap. V, R. 52.2(a).
[8] 4 LPRA Ap. XXII-B, R. 13 (A).
[9] 32 LPRA Ap. V, R. 52.2(e)(2),
[10] 32 LPRA Ap. V, R. 47.
[11] 32 LPRA Ap. V, R. 52.2(h).

quince días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración. En esa moción se deberán exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse, y fundamentarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. *Marrero Rodríguez v. Colón Burgos,* 201 DPR 330, 337-338 (2018).

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica lo siguiente: **"[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".[12] (Énfasis en el original).

Nuestra última instancia judicial ha señalado al respecto que la oportuna presentación de una moción de reconsideración ante el Tribunal de Primera Instancia tendrá el efecto de paralizar los términos concedidos por ley para acudir en revisión judicial al foro apelativo intermedio sólo si la misma, en su contenido, cumple con los requisitos expuestos en la Regla 47 de Procedimiento Civil, *supra. Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 167 (2016); *Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 999 (2015); *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8-9 (2014). "[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la regla". Cuevas

---

[12] *Íd,* pág. 338.

Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1366.

Así pues, **presentada una oportuna moción de reconsideración en cumplimiento con la referida Regla, quedarán suspendidos todos los términos para recurrir en alzada al Tribunal de Apelaciones para todas las partes.**[13] **Dicho término comenzará a transcurrir nuevamente desde la fecha en que se archive en autos la copia de notificación de la resolución resolviendo la moción de reconsideración.**[14]

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

Conforme mencionamos previamente, el día **4 de noviembre de 2024,** con posterioridad a que el foro primario dictara y notificara la *Sentencia Parcial* apelada, la señora Olga Méndez Olivieri incoó ante dicho foro una *Moción de Reconsideración.* En atención a la referida moción, el día **18 de noviembre de 2024**, notificada en igual fecha, la primera instancia judicial mediante *Orden* dispuso lo siguiente:

> Se conceden 15 días a las partes codemandadas sobre las cuales se presenta esta reconsideración para que se expresen. Transcurrido dicho término el tribunal dispondrá.

El recurso de marras fue instado ese mismo día **18 de noviembre de 2024**. Por consiguiente, habida cuenta de la oportuna presentación de una moción de reconsideración por la parte apelada Méndez Olivieri, el término para acudir ante este foro revisor quedó suspendido para todas las partes, incluyendo a la parte aquí apelante.

---

[13] 32 LPRA Ap. V, R.47.
[14] *Id*, pág. 338-39, citando a *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A.*, 144 DPR 601, 613 (1997).

Según el derecho procesal esbozado previamente, dicho término comenzará a transcurrir nuevamente desde la fecha en que se archive en autos la copia de notificación de la resolución resolviendo la moción de reconsideración.

Una vez el Tribunal de Primera Instancia disponga de la *Moción de Reconsideración,* de seguir inconforme, entonces la parte apelante podrá presentar nuevamente un recurso ante esta segunda instancia judicial.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de apelación incoado por falta de jurisdicción, al ser el mismo prematuro. Se ordena a la Secretaría de este Tribunal desglosar el apéndice del mismo.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones