PLAN DE BIENESTAR DE SALUD DE LA UNIÓN DE CARPINTEROS DE PUERTO RICO, peticionario, *v.* SEABOARD SURETY COMPANY, LIBERTY MUTUAL INSURANCE y AMERICAN INTERNATIONAL INSURANCE COMPANY, recurridas.

*Numero:* CC-2010-0459          *Resuelto:* 12 de agosto de 2011

*Jorge R. Dávila* y *Vicente A. Segueda Torres*, abogados de la parte peticionaria; *Norah E. Fernández Vallejo*, de *Alvarado Viñas & Fernández Law Officces, P.S.C.*, abogada de la parte recurrida.

El Juez Asociado Señor Martínez Torres emitió la opinión del Tribunal.

◼ Atendemos hoy un asunto que ha causado confusión y ha sido objeto de dictámenes contradictorios en el Tribunal de Apelaciones. Hemos resuelto que si se presenta una moción que interrumpe el término para apelar, este se reanuda cuando la Secretaría del Tribunal de Primera Instancia notifica adecuadamente el dictamen de ese foro con respecto a la moción interruptora. Por consiguiente, si se notifica el archivo en autos del dictamen de manera equivocada, sin advertir a la parte que a partir de ese momento tiene derecho a apelar, la notificación es inadecuada. No es hasta que se haga la notificación de la manera correcta que se reanuda el plazo para apelar. Así lo resolvimos recientemente en *Dávila Pollock et als. v. R.F. Mortgage*, 182 D.P.R. 86 (2011), ante la notificación de una resolución que resolvió una moción al amparo de la Regla 43.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

Ahora resolvemos, por un fundamento idéntico, que la misma norma aplica cuando se notifica incorrectamente la resolución que resuelve una moción instada al amparo de la Regla 47 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap.

III) o su equivalente, la Regla 47 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). Por esta razón, resolvemos que la parte peticionaria presentó su recurso oportunamente en el Tribunal de Apelaciones, revocamos la sentencia de ese foro y le devolvemos el caso para que atienda sus méritos.

## I

La parte peticionaria, el Plan de Bienestar de Salud de la Unión de Carpinteros de Puerto Rico (el Plan), presentó una demanda por cobro de dinero contra tres compañías fiadoras: *Seaboard Surety Company, Liberty Mutual Insurance Company* y *American International Insurance Company*. Reclamó ciertas aportaciones al plan médico y de vida de los carpinteros unionados que trabajaban en varios proyectos de construcción de la fiada *Redondo Construction Company*.

El Tribunal de Primera Instancia dictó sentencia sumaria porque, a su juicio, la obligación no estaba garantizada por los contratos de fianza que suscribieron las compañías demandadas y recurridas. Copia de la notificación de la sentencia se archivó en autos el 3 de agosto de 2009.

Diez días después, el 13 de agosto de 2009, el Plan presentó una moción de reconsideración. Aunque el título de la moción indicaba que también era una solicitud de determinaciones de hecho adicionales según la Regla 43.3 de Procedimiento Civil de 1979, *supra*, su lectura nos convence de que se trataba en verdad de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil de 2009, *supra*. Es evidente también que el foro primario consideró la moción conforme a la Regla 47 al acogerla y pedirle a la parte demandada y recurrida que replicara.

Luego de que la parte demandada y recurrida se opusiera a la moción de reconsideración, el Tribunal de Primera Instancia emitió un dictamen el 18 de septiembre de 2009, notificado a las partes el 28 de septiembre siguiente.

El tribunal expresó con respecto a la oposición: "Como se pide. Se mantiene dictamen notificada [sic]." Apéndice del Recurso de *certiorari*, pág. 326. La notificación se efectuó con el formulario OAT-750, diseñado para notificar órdenes y resoluciones.

Cuatro días después de que el tribunal notificó su resolución, el Plan solicitó término para replicar a la oposición. Alegó que ésta le fue notificada tardíamente. A pesar del dictamen emitido, el tribunal concedió el plazo que el Plan solicitó y este último presentó su réplica.

Luego de considerar los planteamientos del Plan, el Tribunal de Primera Instancia dictó una orden el 8 de diciembre de 2009, mediante la cual declaró "no ha lugar" la réplica a la oposición. El archivo en autos de copia de esta resolución se notificó el 10 de diciembre de 2009. La notificación se tituló "Notificaci[ó]n de Archivo en Autos de la Resoluci[ó]n de Moci[ó]n de Reconsideraci[ó]n". Para ello, además del formulario OAT-750, el tribunal utilizó el formulario OAT-082. Este último apercibe a la parte perjudicada de su derecho a apelar.

En efecto, el Plan apeló la sentencia el 8 de enero de 2010, es decir, dentro de los treinta días siguientes a la fecha del archivo en autos de copia de la notificación de la segunda resolución del Tribunal de Primera Instancia. Evidentemente, el Plan acató el aviso de la notificación de esa segunda resolución, que indicaba que a partir de entonces tenía derecho a apelar.

En cambio, el Tribunal de Apelaciones, Región Judicial de San Juan, concluyó que el recurso era tardío porque el término para apelar comenzó cuando se notificó la primera resolución y no la segunda. Por esa razón el foro intermedio se declaró sin jurisdicción y desestimó el recurso. En reconsideración, el tribunal reafirmó su dictamen.

Por ello, el Plan recurrió ante nos oportunamente. Señala que no fue hasta que se notificó la segunda resolución que se le comunicó un dictamen con la finalidad y certeza

necesarias para poder apelar. El 3 de diciembre de 2010 expedimos el auto de *certiorari*. Luego de recibir la posición de ambas partes por escrito, resolvemos la controversia que se trajo a nuestra atención: ¿Tenía jurisdicción el Tribunal de Apelaciones o la apelación se presentó fuera de término?

## II

La norma que aquí sentamos acerca del efecto de la utilización del formulario incorrecto para notificar una resolución que reinicia el término para apelar aplica por igual a los casos tramitados según las Reglas de Procedimiento Civil de 2009, *supra*. Aun así, debemos señalar, de entrada, que la controversia de autos se tramitó según las entonces vigentes Reglas de Procedimiento Civil de 1979, *supra*. Según la Regla 47 de ese cuerpo de normas procesales, la presentación de una moción de reconsideración interrumpía el término para apelar solamente si el Tribunal de Primera Instancia la acogía antes de resolverla. En cambio, si el tribunal denegaba la moción de plano, esta no interrumpía el plazo para apelar la sentencia. Así pues, la discusión que sigue hará referencia a las reglas de 1979 porque bajo ellas se tramitó el caso y se resolvieron los asuntos procesales que revisamos hoy. La norma de retroactividad de las reglas procesales no aplica "en cuanto a cuestiones que ya fueron dilucidadas bajo la antigua norma". *Morales et al. v. Marengo et al.*, 181 D.P.R. 852, 859, esc. 4 (2011).

Conforme a las reglas procesales vigentes entonces, el término para apelar se interrumpió al acogerse la solicitud de reconsideración y se reinició cuando el Tribunal de Primera Instancia resolvió la moción y archivó en autos copia de la notificación de su dictamen. Reglas 47 y 53.1(g) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III); *Insular Highway v. A.I.I. Co.*, 174 D.P.R. 793 (2008); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 D.P.R. 213 (1999); *Rodrí-*

*guez Rivera v. Autoridad Carreteras*, 110 D.P.R. 184 (1980). Véase, *e.g.*, la Regla 52.2(e) de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). El Tribunal de Apelaciones entendió que en este caso el plazo para apelar comenzó con la notificación de la primera resolución del Tribunal de Primera Instancia, el 28 de septiembre de 2009. El foro intermedio se equivocó.

El término para apelar comenzó al archivarse en autos el 10 de diciembre de 2009 una copia de la notificación de la segunda resolución del Tribunal de Primera Instancia referente al trámite en reconsideración. El foro apelativo intermedio entendió que esa segunda resolución era inoficiosa porque ya el Tribunal de Primera Instancia había declarado "como se pide" la oposición que solicitaba que se declarara "sin lugar" la moción de reconsideración y, además, manifestó que mantenía en vigor su sentencia. Además, señaló que la notificación de la primera resolución fue eficaz aunque no contenía la advertencia del derecho a apelar que consta en el formulario OAT-082. Se basó en nuestra Sentencia en *Moreno González v. Coop. Ahorro Añasco*, 177 D.P.R. 854 (2010). Esa Sentencia no constituye precedente.

El Plan nos señala que la primera resolución no tenía certeza, lo que se evidencia, a su juicio, con la prórroga que le concedió después el foro primario para replicar a la oposición la moción de reconsideración. Ese argumento no es convincente. La primera resolución señala sin ambages que se mantiene en vigor la sentencia del tribunal. Una vez se notifica debidamente una resolución como esa, la parte debe saber que se ha resuelto la moción de reconsideración y, por ende, se ha reiniciado el término para apelar. Cualquier trámite ulterior en el Tribunal de Primera Instancia no interrumpe ese plazo, pues así lo dictaba la Regla 53.1, *supra*, y ahora la Regla 52.2, *supra*.

█ Ahora bien, esta norma está predicada en la notificación adecuada de la resolución del tribunal. Por eso, en

el pasado hemos atisbado que la confusión creada por el tribunal al notificar incorrectamente la resolución de la moción interruptora del plazo apelativo impide que ese término se reanude, a menos que se trate de un error oficinesco que se pueda enmendar con efecto retroactivo (*nunc pro tunc*). *Ramos Ramos v. Westernbank*, 171 D.P.R. 629 (2007) (Sentencia). Entre esos errores se encuentran los que ocurren "por inadvertencia u omisión, o errores mecanográficos, o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". (Énfasis suprimido.) *S.L.G. Coriano Correa v. K-Mart Corp.*, 154 D.P.R. 523, 529 (2001). Lo mismo se puede decir de los "errores del [S]ecretario del tribunal al anotar la sentencia". Íd., pág. 530.

También hemos señalado que no enviar copia de la sentencia, orden o resolución con la notificación del archivo en autos no afecta la efectividad de la notificación. *Barletta v. Tribunal Superior*, 100 D.P.R. 690 (1972). En cambio, hemos resuelto que la notificación hecha solamente a un abogado que con la autorización del tribunal dejó de representar a una parte, y la notificación a una dirección incorrecta, distinta a la que consta en autos, es como si nunca se hubiese hecho la notificación. *Vélez v. A.A.A.*, 164 D.P.R. 772, 790 esc. 15 (2005); *Rodríguez Mora v. García Lloréns*, 147 D.P.R. 305 (1998).

█ El término para apelar es improrrogable, "transcurre inexorablemente y el tribunal no tiene jurisdicción para entender en un recurso presentado fuera de éste, no importa las consecuencias procesales que su expiración" conlleve. *Vélez v. A.A.A.*, supra, pág. 786.

> Es debido al carácter fatal de este término que hemos indicado que es "imprescindible la pronta y correcta notificación" de las sentencias, ya que según dispone la Regla 53.1 de Procedimiento Civil, ante, [el plazo para apelar] comienza a decursar a partir del archivo en autos de copia de la notificación.

(Énfasis suprimido.) *Vélez v. A.A.A.*, supra, pág. 786, citando a *Martínez, Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1, 7 (2000).

El archivo en autos de copia de la notificación no es un mero requisito de forma. *Martínez, Inc. v. Abijoe Realty Corp.*, supra, pág. 8; *Falcón Padilla v. Maldonado Quirós*, 138 D.P.R. 983, 989 (1995). "[C]onstituye la constancia oficial de la notificación que la ley requiere ...." *Asociación Cooperativa v. Navarro*, 70 D.P.R. 929, 932 (1950). Por eso la Regla 46 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), establecía claramente que la sentencia no surtiría efecto hasta que se archivara en autos una copia de su notificación y que el término para apelar empezaría a correr a partir de la fecha de ese archivo. Lo mismo dispone la Regla 46 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). Véase, además, *Vélez v. A.A.A.*, supra, pág. 788.

La notificación de un dictamen judicial final es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado se pueda enterar de la decisión final que se ha tomado en su contra. Así lo exige el debido procedimiento de ley. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394, 405 (2001); *Nogama Const. Corp. v. Mun. de Aibonito*, 136 D.P.R. 146, 152 (1994).

> De forma reiterada hemos apuntalado que el deber de notificar a las partes no constituye un mero requisito. Su importancia radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores al dictamen final emitido en un proceso adjudicativo. La falta de una debida notificación podría afectar el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley. *Dávila Pollock et als. v. R.F. Mortgage*, supra, pág. 94.

En fin, la notificación "es 'parte integral de la actuación judicial' y 'requisito *sine qua non* de un ordenado sistema judicial'". *Vélez v. A.A.A.*, supra, pág. 789, citando a *Caro v. Cardona*, 158 D.P.R. 592, 599 (2003). "En reiteradas ocasiones hemos expresado que el propósito que sirve la no-

tificación es proteger 'el derecho de procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso'." (Énfasis suprimido.) *Vélez v. A.A.A.*, supra, pág. 789, citando a *Hosp. Dr. Domínguez v. Ryder*, 161 D.P.R. 341, 345 (2004). Por eso hemos señalado que la omisión de los requisitos formales de la notificación "puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, como también crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido". *Dávila Pollock et als. v. R.F. Mortgage*, supra, pág. 94.

Amparados en lo anterior, hemos resaltado la importancia de utilizar el formulario correcto —que contiene la advertencia del derecho de apelar— cuando se notifica a las partes la resolución que reanuda el término para apelar un dictamen final del Tribunal de Primera Instancia. En *Dávila Pollock*, supra, resolvimos que el término para apelar una sentencia del foro primario se inicia cuando se notifica con el formulario correcto la resolución que resuelve una moción de determinaciones de hecho adicionales, al amparo de la Regla 43.3 de Procedimiento Civil, *supra*. Véase, *e.g.*, la Regla 43.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). "De lo contrario, al no advertirle a las partes del término que disponen para ejercer su derecho de apelación, la notificación emitida mediante el formulario incorrecto sería catalogada como defectuosa y el término para apelar no comenzaría a transcurrir." *Dávila Pollock et als. v. R.F. Mortgage*, supra, pág. 96. Hoy resolvemos que esa norma aplica de igual modo y por el mismo fundamento a las resoluciones que resuelven una moción al amparo de la Regla 47 de Procedimiento Civil, *supra*. Ambas mociones, presentadas debida y oportunamente, interrumpen el plazo para apelar. Por ende, como señala la parte peticionaria, es imprescindible que la notificación de la resolución que resuelve una de esas mociones contenga la certeza necesaria para advertir tanto a las partes como al

Tribunal de Apelaciones que se reinició el término jurisdiccional para apelar. Véase Recurso de *certiorari*, págs. 19–20.

Por consiguiente, concluimos que el término para apelar al foro intermedio comenzó cuando se archivó en autos una copia de la notificación de la resolución referente a la moción de reconsideración, mediante el formulario OAT-082. Este formulario contiene la advertencia de que se reinició el plazo para apelar. Así, pues, el término de treinta días para apelar que establecía la Regla 53.1(a) de Procedimiento Civil de 1979, *supra*, comenzó cuando se archivó en autos una copia de la segunda notificación, el 10 de diciembre de 2009. Por lo tanto, el Plan apeló a tiempo, el 8 de enero de 2010. Es decir, el Plan apeló dentro de los treinta días del archivo en autos de copia de la notificación correcta de la resolución que resolvió la moción instada al amparo de la Regla 47 de 2009, *supra*.

El Tribunal de Primera Instancia actuó bien al emitir una segunda resolución y notificarla mediante el formulario OAT-082, que advirtió a las partes del reinicio del término para apelar. Al proceder así, el foro primario salvaguardó las garantías procesales del Plan, que emanan del debido proceso de ley y que no se observaron en la notificación de la primera resolución. Al no hacer esta distinción, el Tribunal de Apelaciones incidió cuando se declaró sin jurisdicción para atender el recurso.

## III

Por los fundamentos expuestos, *se revoca el dictamen del Tribunal de Apelaciones objeto de este recurso y se devuelve el caso a ese foro para que lo atienda en los méritos.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Hernández Denton disintió de este caso por las mismas razones que lo llevaron a emitir una opinión disidente en *Dávila Pollock et als. v. R.F. Mortgage*, 182 D.P.R. 86 (2011), decisión en la que se adoptó la

norma que el Tribunal aplica hoy. Se reafirma, pues, en su criterio de que, al privilegiar la forma de una notificación sobre la sustancia de la orden o resolución que se notifica, se relajan los requisitos de competencia y diligencia que deben regir en nuestro ordenamiento procesal civil. La Juez Asociada Señora Rodríguez Rodríguez se unió al disenso del Juez Presidente Señor Hernández Denton. La Jueza Asociada Señora Fiol Matta no intervino. El Juez Asociado Señor Rivera García no interviene.