Voto particular disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez.
Me veo forzada a disentir nuevamente en este caso por *192 que no logro comprender a qué obedece la prisa injustificada de este Tribunal. Nuevamente, nos involucramos en el manejo de un caso en un foro inferior, pautándole el término que tiene para resolver una controversia que, según aceptan todas las partes, es compleja. Esta tendencia hacia la microgerencia de este pleito no es saludable y arroja sombras sobre el litigio, y, más pernicioso aún, contribuye a conculcar los derechos de las partes a un proceso justo e imparcial.
En esta ocasión, le ordenamos al foro apelativo intermedio que, en el plazo de menos de una semana, resuelva la apelación presentada ante su consideración. Ello, a pesar de que ese foro no tiene jurisdicción para revisar el dictamen de instancia hasta tanto el foro primario atienda y resuelva una moción de reconsideración que el Estado presentó ante él. Así lo dispone expresamente la Regla 47 de Procedimiento Civil y así lo hemos resuelto en innumerables ocasiones. 32 LPRA Ap. V. Véanse: Morales y otros v. The Sheraton Corp., 191 DPR 1 (2014); Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714 (2011); Insular Highway v. A.I.I. Co., 174 DPR 793 (2008). Desconozco a base de qué artilugio judicial este Foro puede investir con jurisdicción al foro apelativo intermedio cuando la Asamblea Legislativa ha dispuesto todo lo contrario, como también desconozco si la normativa antes mencionada ha sido revocada hoy.
El hecho de que el recurso que se presentó ante nosotros sea una certificación, no varía el resultado. Esto, porque el recurso que pende ante el foro de apelaciones (y que ordenamos que se atienda en o antes del 26 de junio) es una apelación. Como vimos, el foro apelativo no tiene jurisdicción para atender la apelación, habida cuenta de que hay pendiente una moción de reconsideración ante el Tribunal de Primera Instancia. Además, considerando que este Tribunal no ha expedido la solicitud de certificación, quedo en un estado de perplejidad, incertidumbre y duda con respecto a qué es lo que el foro apelativo intermedio tiene que *193 considerar. ¿Es que estamos, sin decirlo, expidiendo la certificación y delegando nuestra jurisdicción al foro intermedio apelativo para que resuelva la certificación? Confieso mi confusión ante la anomalía procesal generada en este caso.
Por su parte, no hay duda que la Secretaria de Hacienda está facultada en ley para cerciorarse de que los acuerdos suscritos en su agencia cumplen, como mínimo, con las nor-mas de la agencia. Suscribir un acuerdo o dejar sin efecto un acuerdo es de la esencia de la gestión administrativa de un jefe de agencia. La controversia en este caso se centra sobre la validez de las representaciones que Doral Financial Corporation realizó al Departamento de Hacienda sobre alegados pagos de contribuciones en exceso que le hacen acreedora a un crédito de sobre $200 millones. Se alega que fue precisamente en virtud de esas representaciones que el Departamento de Hacienda suscribió el acuerdo contributivo con Doral.
Al evaluar la validez del acuerdo, según esas representaciones, el Departamento de Hacienda entendió que los pagos de contribuciones en exceso a los cuales se refirió Doral Financial Corporation no son de Doral Financial Corporation sino de otra entidad distinta, por lo que ésta no podía atribuirse tal pago. Ello llevó al Departamento de Hacienda a concluir preliminarmente que el acuerdo suscrito era nulo ya que Doral Financial Corporation no le demostró el pago en exceso de contribución que alega ocurrió.
Así las cosas, el Departamento de Hacienda notificó a Doral Financial Corporation que su determinación sobre nulidad del acuerdo “advendrá final” en un término de 30 días, pero si dentro de ese término el contribuyente “objet[a] o protest [a]” ante la Secretaría Auxiliar de Procedimiento Adjudicativo, se procederá a “designar un examinador para el trámite de la vista administrativa correspondiente”, cuya determinación podrá ser apelada por el contribuyente.
Estamos ante un proceso administrativo de una agencia de gobierno, por lo que la determinación del Departamento *194 de Hacienda no es final hasta tanto concluya el trámite administrativo. Por ser una determinación no final de una agencia administrativa, no procede acudir al tribunal pues éste no tiene jurisdicción. Véanse: Colón v. Méndez, Depto. Recursos Naturales, 130 DPR 433 (1992); Mercado Vega v. UPR, 128 DPR 273 (1991); Rivera v. E.L.A., 121 DPR 582 (1988). Doral Financial Corporation, como cualquier contribuyente, tiene la obligación de agotar los remedios administrativos de la agencia antes de acudir al Tribunal. En vez, Doral Financial Corporation corrió al Tribunal de Primera Instancia en una sentencia declaratoria e, igualmente, corrió ante este Tribunal mediante solicitud de certificación. Ni la sentencia declaratoria ni una petición de certificación se pueden utilizar como subterfugio para soslayar principios arraigados de agotamiento de remedios administrativos.
Aquí lo que procede es, precisamente, lo que determinó el foro primario. El Departamento de Hacienda debe, a la brevedad posible, designar un examinador independiente para que evalúe los reclamos de Doral Financial Corporation y la posición del Departamento de Hacienda. Estamos ante una controversia contributiva compleja que requiere de un expertise particular, lo que aconseja que sea el foro administrativo quien dilucide, en primera instancia, los reclamos de las partes.
Por estas razones, no tengo otra alternativa que disentir de la decisión que hoy se anuncia. En su lugar, proveería un “no ha lugar”, sin más, a la petición de certificación.