Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CHRISTIAN R. SOLIVAN ORTIZ<br><br>Demandante Apelante<br><br>v.<br><br>JUAN CARLOS GONZÁLEZ<br><br>Demandado Apelado | KLAN202301137 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil Núm.: BCD2018-0012<br>Salón Núm.: 002<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Vale señalar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187

DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. No obstante, si el foro primario acoge la moción, cualquier trámite posterior a la solicitud de reconsideración en el Tribunal de Primera Instancia no interrumpirá el término estricto de treinta (30) días para recurrir al foro apelativo. *Plan de Bienestar de Salud de la Unión de Carpinteros de Puerto Rico v. Seaboard Surety Company et al.*, 182 DPR 714 (2011). Véase, también, Regla 52.2 de Procedimiento Civil de 2009, *supra*.

En el presente caso, el apelante acudió ante este Tribunal tardíamente. Ciertamente, la solicitud de reconsideración presentada el 14 de noviembre de 2023 ante el foro primario interrumpió el término para apelar. Sin embargo, la presentación de su moción para enmendar la *Sentencia*, un trámite ulterior al de reconsideración, no interrumpió el plazo estricto para acudir ante el foro apelativo. A esos efectos, y considerando que la *Resolución* del foro primario ante la solicitud de reconsideración fue notificada el 16 de noviembre de 2023, el apelante tenía hasta el 18 de diciembre de 2023 para apelar. Al presentar su

apelación el 19 de diciembre de 2023, el apelante acudió ante el Tribunal de Apelaciones tardíamente. Por lo tanto, este Tribunal carece de jurisdicción para evaluar la controversia en sus méritos.

Por los fundamentos expuestos, desestimamos el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones