Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-013)[1]

| CARLOS SAMUEL SÁNCHEZ RIVERA<br><br>Demandante Apelado<br><br>v.<br><br>ZAHILIS LÓPEZ OSTOLAZA<br><br>Demandada Apelante | KLAN202500052 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K DI2021-0012<br>Sala: 706<br><br>Sobre:<br>Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Carlos

### SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece Zahilis López Ostolaza (López o apelante) mediante recurso de Apelación y solicita que revoquemos la *Resolución* emitida el 14 de noviembre de 2024 y notificada el 18 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En el referido dictamen, el foro apelado acogió la cantidad propuesta por el señor Carlos Samuel Sánchez Rivera (Sánchez o apelado) sobre la deuda retroactiva en pensión alimentaria para sus hijos menores de edad. Por los fundamentos que expondremos, confirmamos la *Resolución* recurrida.

Según se desprende del expediente ante nuestra consideración, la apelante ostenta custodia monoparental de sus hijos y patria potestad compartida. El 11 de abril de 2019 se impuso el pago de $552.59 por pensión provisional al señor Sánchez. Ante un patrón de

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-013, se modificó la integración del Panel en el recurso de epígrafe.

Número Identificador

SEN2025 _____

incumplimiento con el pago de pensión alimentaria para sus hijos menores de edad, la señora López presentó reiteradas mociones de desacato.

Luego de varios trámites procesales, el 29 de junio de 2023, el foro de Primera Instancia emitió *Resolución* en la cual acogió el *Informe de la Examinadora de Pensiones Alimentarias*. En esta, fijó la pensión alimentaria final a $500 por estipulación entre las partes. Además, allí se creó, entre otras cosas, un plan de pago de $50 quincenales para la deuda retroactiva.

El 19 de septiembre de 2023, la señora López presentó *Solicitud en Orden* en la que indicó que, desde el mes de junio de 2023, el apelado adeudaba $8,135.89. De lo anterior, el 22 de septiembre de 2023, el foro primario declaró Con Lugar la solicitud y ordenó al señor Sánchez pagar sujeto a vista de desacato.

Por su parte, el apelado presentó *Moción de Réplica* en la que solicitó, entre otras cosas, que se le concediera hasta el 30 de octubre de 2023 para pagar la deuda. Además, presentó *Moción sobre Monto de la deuda en Concepto Retroactivo*, en la que alegó que la referida deuda ascendía a $5,106.49 y no a $8,135.89. Por último, expresó que aun estando pendiente la fijación el monto de la deuda, desde el mes de julio de 2023 se estaba abonando $100.00 a la misma. El 25 de septiembre de 2023, el foro primario emitió una *Resolución* en la que declaró Con Lugar ambas mociones presentadas por el apelado. Ante ello, el 27 de septiembre de 2023, la apelante presentó *Solicitud de Reconsideración y Orden.* No obstante, el 29 de septiembre de 2023, el foro de instancia declaró No Ha Lugar a dicha solicitud.

Luego, la señora López presentó *Moción Urgente para que se impongan sanciones económicas por incumplimiento de orden* en la que solicitó que se ordene al apelado pagar lo adeudado. En réplica, el señor Sánchez presentó *Moción Solicitando Orden* en la que expresó, entre otras cosas, que la pensión alimentaria y el plan de pago están al día. Además, puntualizó que ha estado realizando los pagos correspondientes a la deuda retroactiva.

Así las cosas, el 20 de septiembre de 2024, la señora López presentó *Moción Urgente de Desacato de Alimentos* en la que alegó que el apelado seguía incumpliendo con el pago de la pensión alimentaria. Además, solicitó honorarios de abogado por una suma no menor de $1,000.00. Posteriormente, el 13 de noviembre de 2024, el señor Sánchez presentó *Moción* en la que indicó nuevamente que la deuda ascendía a $5,106.49 y emitió evidencia de algunos de los pagos realizados.

Finalmente, el 18 de noviembre de 2024, el foro primario notificó *Resolución* en la que explicó que al declarar Con Lugar la moción del apelado sobre que el monto de la deuda es de $5,106.49, esta fue la cantidad acogida por el tribunal mediante *Resolución* del 25 de septiembre de 2023. Además, puntualizó que esta fue ratificada al declarar No Ha Lugar la *Solicitud de Reconsideración y Orden* presentada por la apelante. En cuanto a la solicitud de honorarios de abogado, impuso el pago de $300.00 al señor Sánchez.

En respuesta, el 3 de diciembre de 2024, la apelante presentó *Moción Urgente de Reconsideración,* la cual fue declarada No Ha Lugar.

Inconforme, la señora López comparece ante nosotros mediante el recurso de apelación y alega que incidió el foro de primera instancia al determinar que existe *Resolución* que adjudica la deuda del apelado por concepto retroactivo y que esta es final y firme. Además, aduce que erró al conceder la suma de $300 por concepto de honorarios de abogado por las mociones de desacato y comparecencia a dos (2) vistas de desacato, ya que no es una suma razonable ni comparable a lo que esta pagó por dichos honorarios. En posesión de ambos alegatos, estamos en posición de resolver. Veamos.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. No obstante, si el foro primario acoge la moción, cualquier trámite posterior a la solicitud de reconsideración en el Tribunal de Primera Instancia no interrumpirá el término estricto de treinta (30) días para recurrir al foro apelativo. *Plan de Bienestar de Salud de la Unión de Carpinteros de Puerto Rico v. Seaboard Surety Company et al.*, 182 DPR 714 (2011). Véase, también, Regla 52.2 de Procedimiento Civil de 2009, *supra*.

Por otro lado, nuestro ordenamiento dispone que, en casos de reclamaciones por pensión alimentaria, la cuantía que se imponga al alimentante incluirá además una partida razonable para sufragar los gastos del litigio y honorarios de abogados. Art. 656 del Código Civil de 2020, 31 LPRA sec. 7534. Así pues, dichos honorarios siempre proceden como parte de la protección debida a los menores para el sustento de sus necesidades. *Llorens Becerra v. Mora Monteserín*, 178 DPR 1003, 1035 (2010).

Igualmente, es sabido que en la imposición de honorarios de abogado el criterio que debe regir es el de razonabilidad. Íd. De modo que, para determinar la cuantía debe considerarse la extensión de pleito y "otros factores, asociados al curso de los procedimientos y las circunstancias del caso en particular, que incidan en el criterio del juzgador en el ejercicio de establecer una cuantía de honorarios justa y

razonable." *Íd.*, en las págs. 1035-1036. Por tanto, la concesión de honorarios de abogado que haga el foro de instancia no debe alterarse a menos que la cantidad concedida sea irrazonable. Íd., en la pág. 1036.

En el presente caso, la señora López acudió a este Tribunal tardíamente para reclamar la deuda en concepto retroactivo. En particular, la *Resolución* del foro de primera instancia ante la solicitud de reconsideración fue notificada el 29 de septiembre de 2023, de modo que la apelante tenía hasta el 29 de octubre de 2023 para apelar. Al presentar su apelación el 17 de enero de 2025, esta acudió tardíamente sobre dicho asunto. Por lo tanto, este Tribunal carece de jurisdicción para evaluar la controversia en sus méritos.

No obstante, poseemos jurisdicción para atender la imposición de honorarios de abogado otorgada en la *Resolución* que fue notificada el 18 de noviembre de 2024. A esos efectos, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción o haya actuado de manera parcial, perjudicial o errada. Por lo tanto, resolvemos que resulta razonable la cuantía apelada, por lo que no vemos razón para modificarla.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente con escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-013)[2]

| | | |
|---|---|---|
| CARLOS SAMUEL SÁNCHEZ RIVERA<br><br>Demandante Apelado<br><br>v.<br><br>ZAHILIS LÓPEZ OSTOLAZA<br><br>Demandada Apelante | KLAN202500052 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K DI2021-0012<br>Sala: 706<br><br>Sobre:<br>Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

### VOTO DISIDENTE JUEZA GRANA MARTÍNEZ

La política pública del Gobierno con relación a los alimentos de menores de edad es procurar que los padres o las personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias. A esos efectos, la Ley Orgánica de la Administración para el Sustento de Menores, expresamente apercibe que sus disposiciones se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesita alimentos. 8 LPRA sec. 502.

La obligación de todo progenitor de proveer alimentos a sus hijos e hijas está revestida del más alto interés público. Constituye un deber jurídico y moral. *James Soto v. Montes Díaz*, 213 DPR 718,

---

[2] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-013, se modificó la integración del Panel en el recurso de epígrafe.

729 (2024); *Díaz Rodríguez v. García Neris*, 208 DPR 706, 718 (2022); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012). Es de tan alta jerarquía, el deber de proveer alimentos que el encarcelamiento por deuda mediante desacato civil constituye una excepción a la prohibición constitucional establecida en el Art. II, Sec. 11, de la Constitución del Estado Libre Asociado, de que nadie será encarcelado por deuda. LPRA Tomo 1. Como excepción a la norma constitucional, más allá de forzar el pago de una deuda, procura obligar el descargo de una responsabilidad de mayor rango, la obligación de alimentar. *James Soto v. Montes Díaz*, supra, pág. 731.

En este caso, la peticionaria cuestiona la determinación del foro primario que concluyó que la deuda por concepto de retroactivo entre las partes había sido adjudicada y, era final y firme.

Consideraciones del más alto interés público me obligan a disentir. Luego de revisar el expediente del Tribunal de Primera Instancia concluyo que el retroactivo de pensión alimentaria desde el 15 de marzo de 2019 al 30 de septiembre de 2021 nunca ha sido determinado, explico:

El 14 de junio de 2023 las partes presentaron ante el foro primario, Moción sometiendo Estipulación. En esta, además de acordar la pensión alimentaria efectiva al 1 de julio de 2023, las partes consignaron que quedaba pendiente el cómputo de la deuda en concepto de retroactivo. Solicitaron un término de 30 días para llegar a un acuerdo sobre la misma o estarían pidiendo el señalamiento de vista. Esta petición fue recomendada por la Examinadora de Pensiones Alimenticias, licenciada Leticia Milland Vigo y acogida por el Juez Superior, José A. Alicea Rivera, mediante Resolución, el 29 de junio de 2023 y notificada el 5 de julio de 2023.

Así las cosas, el 19 de septiembre de 2023 y en lo pertinente, la peticionaria informó al foro mediante moción que, aun no se le

había provisto la información sobre el retroactivo que según sus alegaciones ascendía a $8,135.89. Solicito del foro una instrucción al recurrido para que proveyera la información que permitiría calcular la deuda. A lo cual el TPI declaró con lugar. El 22 de septiembre de 2023 el recurrido presento Moción sobre monto de la deuda en concepto de retroactivo. Expuso que según sus cálculos la misma ascendía a $5,106.49 y no $8,135.89 como alegaba la peticionaria. Adujo haber enviado a la peticionaria su análisis de la deuda y solicitó un término adicional para tratar de llegar a un acuerdo sobre la misma. En esa misma fecha el recurrido presento otra moción, Moción de Réplica en la que volvió a reconocer que estaba pendiente la deuda por concepto de retroactivo. En esta moción explicó que había tenido dificultad en obtener los estados financieros relevantes a dicha deuda, no obstante, había reconciliado la deuda e insistió que ascendía a $5,106.49. Advertimos que en la moción incluyo controversias adicionales sobre el pago de pensión regular. El foro recurrido, el 25 de septiembre de 2023 emitió la siguiente notificación: 1. Con Lugar 2. Con Lugar. Nada más expreso sobre el asunto.

El 27 de septiembre de 2023 la peticionaria presento Solicitud de reconsideración y Orden en la cual cuestiono el tiempo concedido por el TPI para hacer los pagos que le correspondían sobre la pensión alimentaria regular y evidenciar la falta de ingresos. Dicha solicitud fue declarada No ha Lugar. No obstante, el 9 de noviembre de 2023 la representación legal del recurrido presentó Moción Solicitando Orden. En esta afirmo lo siguiente:

Desde el 22 de septiembre de 2023 radicamos "Moción sobre Monto de la Deuda en Concepto de Retroactivo;" deuda **que aún sin saberse el monto real se ha venido pagando** a razón de $100.00 mensuales tal y como fuera acordado. En este escrito sostuvimos que la deuda a 31 de agosto de 2023 ascendía a $5,106.49. Como

indicáramos, desde el 1 de julio de 2023 se estableció un plan de pago para la deuda de $100.00 mensuales. Conjuntamente con la Moción sobre Monto de la Deuda en Concepto de Retroactivo;" le notificamos a la anterior representación legal de la demandada, Lcdo. Luis Rivera Santos la evidencia de todos los pagos realizados y que debían acreditarse **al determinarse el monto de la deuda.** Este Tribunal con fecha de 25 de septiembre de 2023 declaró con lugar nuestra moción, La parte demandada no presentó objeción alguna."

Puedo concluir de la propia moción que el recurrido reconoce a dicha fecha que la deuda por concepto de retroactivo no ha sido definida. Aun así, el 13 de noviembre de 2024, en una Moción Urgente sometida por derecho propio, el recurrido reitero su alegación a los efectos de que la deuda por retroactivo se había establecido en $5,106.49 y que a dicha fecha conforme los pagos hechos, era de $3,556.49.

Así las cosas, el 13 de noviembre de 2024 se celebró una vista donde la representación legal de la peticionaria hizo un recuento de los procesos y enfatizó que existía una deuda pendiente de cómputo desde diciembre de 2019 a septiembre de 2021. Luego de escuchar los planteamientos de las partes sobre la discrepancia en el monto de la deuda por concepto de retroactivo el tribunal se reservó el fallo hasta que estudiara el expediente. A tales efectos, el 14 de noviembre de 2024 el TPI concluyo que el 28 de septiembre de 2023 al declarar no ha lugar una reconsideración presentada por la peticionaria había establecido la deuda por concepto de retroactivo en $5,106.49 asunto que era final y firme.

A mi entender, erró crasamente el foro primario. No hay un ápice de evidencia en el expediente que sostenga que la deuda desde el 15 de marzo de 2019 al 30 de septiembre de 2021 se haya definido más allá de meras alegaciones de una y otra de las partes. De hecho,

las múltiples instancias en que el alimentante ha incumplido con el pago de la pensión alimentaria, ambas partes han presentado múltiples mociones que mezclan deuda por concepto de pensión alimentaria con deuda por concepto de gastos extraordinarios, pero nunca se ha atendido con la rigurosidad que implica la deuda por concepto de retroactivo desde el 15 de marzo de 2019 al 30 de septiembre de 2021.

A esos efectos, la Ley Orgánica de la Administración para el Sustento de Menores, es clara; sus disposiciones se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesita alimentos. No puedo avalar que se fije un retroactivo con una mera alegación. Tampoco que se pretenda darle finalidad y firmeza a una determinación que no detalla a que se refiere en menoscabo de los alimentos a los cuales un menor tiene derecho. Esa no es la rigurosidad que nos exige un asunto de tan alta importancia. No tengo duda que el foro primario erró, erró dos veces, una al resolver mociones que plantean varios asuntos con un mero "Con Lugar" sin especificar a que se refiere y, segundo, al avalar el monto de la deuda con una mera alegación del alimentante sin un ápice de evidencia.

Por tal razón revocaría.

En San Juan, Puerto Rico, a 31 de marzo de 2025.


                                    GRACE M. GRANA MARTÍNEZ
                                         Jueza de Apelaciones