ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| RICHARD SIMMON ROSA<br><br>Peticionario<br><br><br>V.<br><br>SIGFREDO SANTANA CASANO<br><br>Recurrido | TA2025CE00301 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Germán<br><br>Caso Núm.: SG2025RF00024<br><br>Sobre:<br><br>Divorcio – Ruptura Irreparable |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

El 12 de agosto de 2025, el señor Richard Simmon Rosa presentó un recurso intitulado *Apelación Civil* en el que solicita que revoquemos una *Resolución Interlocutoria* que emitió el Tribunal de Primera Instancia, Sala de San Germán el 7 de julio de 2025. Mediante esta el tribunal de instancia, mantuvo su determinación original de imponerle a Simmon Rosa la suma de tres mil ($3,000.00) dólares por concepto de honorarios por temeridad.

Por los fundamentos que exponemos, desestimamos el recurso por falta de jurisdicción por tardío.

**I.**

Los hechos procesales pertinentes, según recopilado del recurso y del Sistema Unificado de Manejo y Administración de Casos[1], son los siguientes:

El 15 de abril de 2025, el Sr. Richard Simmon Rosa presentó una demanda sobre divorcio por ruptura irreparable contra Sigfredo Santana Casano.

El 20 de mayo de 2025, Santana Casano presentó una *Moción en solicitud de desestimación*. Adujo que el foro primario carecía de jurisdicción porque el demandante no cumplía con el requisito de residencia mínima de un (1) año. Señaló que durante el matrimonio las partes tuvieron una hija. Alegó también que, al momento de presentarse la demanda, ya existía una acción de divorcio en New Jersey, Estados Unidos, caso número FM-16-441-25. Relató que el referido caso involucraba la custodia de una menor. Ante ello, el demandado Santana Casano solicitó la desestimación del pleito por falta de jurisdicción, más la imposición de mil quinientos noventa dólares ($1,590.00) de honorarios por temeridad, incluyendo el sello de radicación de $90.00, tenor con la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. Requirió, además, que se refiriera al demandante al Departamento de Justicia por perjurio.

El 28 de mayo de 2025, el foro primario emitió una resolución interlocutoria, para que en diez (10) días las partes aclararan si durante el matrimonio se procreó o adoptó algún hijo. Además, le concedió veinte (20) días al demandante para que

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia, (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).

fijara su posición en torno a la moción de desestimación que presentó el demandado.

El 5 de junio de 2025, el demandante Simmon Rosa presentó una *Moción en cumplimiento de orden*. Indicó que la menor estaba inscrita como su hija únicamente y que tenía la custodia y ejercicio exclusivo de su patria potestad, según Resolución emitida en el caso MZ2025RF00073. Aceptó que el demandado incoó una acción de divorcio en el estado de New Jersey previo al caso de marras. Ante ello, solicitó el archivo sin perjuicio de la acción de divorcio.

Así las cosas, el 5 de junio de 2025, notificada al siguiente día, el tribunal dictó sentencia final para desestimar sin perjuicio la acción de divorcio.

El 9 de junio de 2025, Santana Casano interpuso una *Moción aclaratoria y solicitud de orden*. Indicó que existía una menor nacida durante la vigencia del matrimonio entre las partes. Además, solicitó que se le impusiera al demandante el pago de honorarios por temeridad.

En respuesta, el 10 de junio de 2025, enmendada el 11 de junio de 2025, el foro primario emitió una *Resolución Enmendada* en la cual decretó que Simmon Rosa incurrió en temeridad. En consecuencia, le impuso tres mil dólares ($3,000.00) en honorarios por ese concepto. Para tal determinación, el foro primario razonó lo siguiente:

> En el presente caso este Tribunal entiende indubitadamente, que el demandante incurrió en una conducta temeraria que promovió innecesariamente la radicación de un caso contra el demandado. Acción que amerita de nuestra parte la adjudicación de una compensación. El pleito incoado por el demandante, del cual posteriormente desistió y por el cual el demandado tuvo que incurrir en gastos de representación legal para que se aclarara ante este Tribunal múltiples asuntos que hacían improcedente la causa de acción incoada, ciertamente son objeto de

compensación, según ha solicitado la parte demandada. Siendo así, el Tribunal le impone al demandante de epígrafe, RICHARD SIMMON ROSA t/c/p/ RICHARD SIMMON, el pago $3,000.00 dólares por concepto de honorarios de abogado, los cuales deberá ser satisfechos en los próximos treinta (30) días, so pena de desacato y/o sanciones.

El **20 de junio de 2025**, Simmon Rosa solicitó reconsideración.[2] En respuesta, el 23 de junio de 2025, el foro primario le ordenó a la parte demandada que expusiera su posición.[3] El **6 de julio de 2025**, Santana Casano presentó una *Moción en oposición*.[4] El **7 de julio de 2025**, el foro primario emitió una *Resolución Interlocutoria* con la siguiente expresión.[5]

EVALUADA LA MOCIÓN PRESENTADA, EL DOCUMENTO ANEJADO A LA MISMA, LOS DATOS QUE SURGEN DEL ESCRITO PRESENTADO, INCLUYENDO LA REFERENCIA AL CASO MZ2025RF0073 (DEL CUAL *MOTU PROPIO* TOMAMOS CONOCIMIENTO JUDICIAL AL SER DE LA REGIÓN JUDICIAL A LA CUAL PERTENECE EL TPI DE SAN GERMÁN), EL TRIBUNAL DA POR CUMPLIDA POR LA PARTE DEMANADADA LA ORDEN EMITIDA EL 23 DE JUNIO DE 2025. SIENDO ASÍ, EVALUADA LA POSICIÓN FIJADA POR AMBAS PARTES, **SE MANTIENE LA DETERMINACIÓN ORIGINALMENTE EMITIDA**.

Tras ello, el 14 de julio de 2025, la abogada de Simmon Rosa solicitó el relevo de su representación legal y, al día siguiente, el tribunal concedió el relevo.[6]

Así las cosas, el 4 de agosto de 2025, el señor Simmon Rosa, por derecho propio, interpuso una segunda **Moción de Reconsideración**. En esta, solicitó que se le relevara del pago de gastos y honorarios de abogado. Alegó que existía un acuerdo prenupcial en el que se estipuló que ninguno podía reclamar gastos de honorarios de abogado. Indicó que el caso no fue sometido con la intención de violentar o incumplir alguna ley. Indicó que no era abogado, que desconocía el funcionamiento

---

[2] SUMAC TPI entrada 17.
[3] SUMAC TPI entrada 18.
[4] SUMAC TPI entrada 19.
[5] SUMAC TPI entrada 20.
[6] SUMAC TPI entradas 21 y 22.

legal y que sometió el caso, luego de consultar con servicios legales de Sabana Grande.[7]   Ese mismo 4 de agosto de 2025, el foro primario declaró **No Ha Lugar** la solicitud de Simmon Rosa.[8]

El 12 de agosto de 2025, Simmon Rosa, por derecho propio y en *forma pauperis,* interpuso un recurso de Apelación Civil.  La Secretaría de este tribunal, asignó el recurso como un *certiorari* por tratarse de la revisión de una determinación interlocutoria sobrevenida luego de la Sentencia.  Junto al recurso, incluyó como anejo la *Resolución Interlocutoria* que emitió el foro primario el **7 de julio de 2025**.  Como exhibit 1, acompañó un documento intitulado *Prenuptial Agreement* y en el exhibit 2 incluyó la carta de renuncia de su abogada y una *Moción en Cumplimiento de Orden* que suscribió el demandado-recurrido el 6 de julio de 2025.

En el recurso, el señor Simmon Rosa no particularizó señalamiento de error alguno.  Sin embargo, en su escrito solicita que se le exima del pago de honorarios de abogado y los gastos.  Adujo que existía un acuerdo prenupcial en el que estaba establecido que, en la eventualidad de un divorcio, ninguna de las partes podía reclamar gastos y honorarios de abogado. Aludió al Artículo 9, Anexo 9.8, página 20 del acuerdo prenupcial e incluyó copia de este como *exhibit* I.  Agregó que tampoco cuenta con los recursos económicos, ya que, su único ingreso es el seguro social y tiene una hija menor.  Indicó también, que el caso de divorcio no fue sometido con intención de violentar o desobedecer alguna ley o proceso, pues no es abogado.

Transcurrido el término que concede la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___

---

[7] SUMAC TPI entrada 23.
[8] SUMAC TPI entrada 24.

(2025), para que el recurrido se expresara, sin hacerlo, damos por perfeccionado el recurso.

**II.**

**A.**

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos de *certiorari*. En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, *supra*, establece que "[l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia […] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida." A su vez, dispone que el aludido término de treinta (30) días es de cumplimiento estricto y únicamente es prorrogable cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

Asimismo, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), señala que "[e]l recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley […] se formalizará mediante la presentación de una solicitud dentro de los **treinta días** siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto". (Énfasis nuestro).

A su vez, la Regla 52.2(g) de Procedimiento Civil, *supra,* establece que, "[e]l transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47."

La mencionada Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, preceptúa todo lo relativo a la solicitud de reconsideración.  En lo pertinente la regla indica lo siguiente:

La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de **quince** (15) días desde la fecha de la notificación de la orden o resolución, una moción de **reconsideración** de la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de **quince** (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

[…]

**Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**.

[…]

Así pues, presentada una oportuna moción de reconsideración en cumplimiento con la referida Regla, quedarán suspendidos todos los términos para recurrir en alzada al Tribunal de Apelaciones para todas las partes. 32 LPRA Ap. V, R. 47. Marrero Rodríguez v. Colón Burgos, 201 DPR 330, 338 (2018).  El término comenzará a transcurrir nuevamente desde la fecha cuando se archive en autos la copia de notificación de la resolución para resolver la moción de reconsideración. Marrero Rodríguez v. Colón Burgos, *supra*; Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714, 719 (2011).

Bajo la Regla 47, *supra,* generalmente solo se puede presentar una sola moción de reconsideración. En referencia a la presentación de una posterior moción de reconsideración, el máximo foro indicó que interrumpe el término para recurrir al Tribunal de Apelaciones cuando:

> (1) el dictamen impugnado fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado, y
> (2) cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, supra. Es decir, para que una subsiguiente moción de reconsideración interrumpa el término para acudir al Tribunal de Apelaciones, esta debe ex poner cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez. Al así establecerlo, impedimos la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes mociones de reconsideración frívolas basadas en los mismos fundamentos. Marrero Rodríguez v. Colón Burgos, *supra*, pág. 342.

**B.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz de Val v. Morales Román, 2024 TSPR 129, 214 DPR ___ (2024); Mun. Aguada v. W Const. y Recovery Finance, 2024 TSPR 69, 214 DPR ___ (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). De manera que, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz de Val v. Morales Román, *supra*; Torres Alvarado v. Madera Atiles, *supra*, pág. 500. Esto se debe a que los tribunales tienen la responsabilidad indelegable de evaluar, en primera instancia, su propia jurisdicción, así como la del foro del cual procede el recurso ante su consideración. Freire Ruiz de Val v. Morales

Román, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Por lo que, los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Freire Ruiz de Val v. Morales Román, *supra*; R&B Power. Inc. v. Junta de Subasta ASG, 2024 TSPR 25, 213 DPR 685, 698 (2024); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); Torres Alvarado v. Madera Atiles, *supra*, pág. 500.

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz de Val v. Morales Román, *supra*; Mun. Aguada v. W Const. y Recovery Finance, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268. Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 269. En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

A la luz de la antes mencionada normativa, disponemos.

### III.

Mediante recurso presentado el **12 de agosto de 2025**, el señor Simmon Rosa solicitó que se le exima del pago de gastos y honorarios de abogado que el foro primario le impuso. Junto al

recurso incluyó ciertos anejos, entre ellos, la *Resolución Interlocutoria* recurrida, que emitió el foro primario el **7 de julio de 2025**.[9] Por lo que, razonablemente debemos entender que esa es la determinación de la cual Simmon Rosa acudió a este foro de revisión intermedio. Ahora bien, mediante la aludida decisión, el foro primario, luego de evaluar la moción de reconsideración que presentó Simmon Rosa y la oposición a esta, mantuvo la determinación original, sin realizar cambio alguno. En consecuencia, el tribunal de origen reiteró la *Resolución Enmendada* el 11 de junio de 2025, mediante la cual le impuso a Simmon Rosa la suma de tres mil dólares ($3,000.00) en honorarios de abogado por temeridad.

Así pues, al ser denegada la solicitud de reconsideración el **7 de julio de 2025**, a partir de esa fecha las partes disponían de treinta (30) días, hasta el **6 de agosto de 2025**, para presentar el recurso pertinente ante este foro intermedio. No obstante, el señor Simmon Rosa presentó el recurso el **12 de agosto de 2025**, luego de transcurrido en exceso el término de treinta (30) días, que fija nuestro estado de derecho. El peticionario tampoco acreditó justa causa para su tardanza. Como el recurso se presentó de manera tardía, carecemos de jurisdicción para atenderlo. Por lo antes expuesto, no podemos asumir jurisdicción en la presente causa.

**IV.**

Conforme con lo antes expuesto, se desestima la acción por falta de jurisdicción.

**Notifíquese inmediatamente.**

---

[9] SUMAC TA, entrada 1, anejo Resolución Recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones