Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RAQUEL TORRES DE LA PAZ; JOSÉ JAVIER CARABALLO TORRES<br><br>APELADOS<br><br>v.<br><br>CARMEN CARABALLO RODRÍGUEZ, ET. AL.<br><br>APELANTE | TA2025AP00604 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. NSCI201700479<br><br>Sobre: Desahucio en precario; Acción Reivindicatoria y Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez, Pagán Ocasio y el Juez Rodríguez Flores.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

## I.

El 26 de noviembre de 2025, las señoras Carmen Caraballo Rodríguez (señora Caraballo Rodríguez, apelante) y Haydee Rodríguez de León (señora Rodríguez de León, apelante) (en conjunto, las apelantes), presentaron digitalmente una *Apelación* en la que solicitaron que se deje sin efecto la *Sentencia Enmendada* sobre desahucio emitida y notificada el 18 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario). En la referida determinación, el TPI declaró Ha Lugar una demanda presentada por Raquel Torres de la Paz (señora Torres de la Paz, apelada) y José Javier Caraballo Torres (señor Caraballo Torres, apelado). En el dictamen, el TPI ordenó el desahucio de las apelantes y o cualesquiera ocupantes de una estructura ubicada en el municipio de Río Grande, Puerto Rico.

Luego de varios trámites procesales, el 5 de diciembre de 2025, emitimos una *Resolución* en la que concedimos a la parte apelante hasta el 10 de diciembre de 2025 para proveer evidencia

de que la *Sentencia Enmendada* emitida el 18 de noviembre de 2025 por el TPI se notificó por edicto, toda vez que fue dictada estando una parte codemandada en rebeldía. Dicho término transcurrió sin el cumplimiento de la apelante con lo ordenado.

**II.**

El caso de marras tiene su origen el 2 de noviembre de 2017, mediante la presentación de una *Demanda* sobre desahucio en precario, acción reivindicatoria y cobro de dinero.[1] La señora Torres de la Paz indicó que es dueña de una estructura de cemento ubicada en la Parcela 207-C, de la Comunidad Malpica, en el Barrio Ciénaga Alta de Río Grande. Afirmó que incoó su reclamación en capacidad representativa del Sr. José María Caraballo Guerra. Alegó que, legalmente y con dinero privativo, edificó una estructura en dicho predio. Señaló que la señora Caraballo Rodríguez y su esposo y/o compañero consensual ocupaban la propiedad sin el consentimiento de la apelada y sin pagar canon de arrendamiento. También, la apelada adujo que realizó acercamientos a los apelantes para que desocuparan la propiedad, pero los apelantes se han negado a ello. En síntesis, la señora Torres de la Paz solicitó: 1) el desalojo de los ocupantes 2) el pago de una deuda por arrendamiento ascendente a $72,000.00 más intereses e incrementos aplicables (cálculo a razón de $500.00 mensuales desde el año de ocupación, entiéndase, 2005) 3) daños, costas, intereses y honorarios legales equivalentes a $10,000.00 por haber mostrado temeridad al negarse al desalojo voluntario 4) se dicte sentencia nombrando a la apelada como única dueña de la estructura ubicada en la Parcela.

Tras varias incidencias procesales, el 12 de enero de 2018, la señora Caraballo Rodríguez presentó su *Contestación a la*

---

[1] Entrada Núm. 1, Apéndice 1, págs. 1-4, del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

*demanda.*[2] Mencionó que la apelada no unió copia de la escritura de poder en la que apoya su alegada capacidad representativa, por lo que objetó dicha alegación. También, la apelante negó que la estructura en cuestión fuera construida por la apelada. Indicó que la señora Haydee Rodríguez de León, madre de la apelante, construyó la estructura hace más de treinta (30) años. Además, la apelante afirmó que ocupa la propiedad desde el año 2006 con el consentimiento de su señora madre. Negó que a la apelada fuera dueña de la propiedad y que le corresponda los derechos de uso y disfrute de la estructura. Arguyó que a la apelada tampoco le corresponde imponer un canon de arrendamiento. Solicitó que se tome conocimiento del caso sobre Desahucio en Precario N3CI2009-00437 previamente presentado por la apelada y que fue desestimado por falta de parte indispensable, por sentencia del 21 de marzo de 2012.

El 5 de marzo de 2018, los apelados presentaron su *Demanda enmendada.*[3] La apelada incluyó codemandados adicionales en su reclamación. Indicó que se anejó copia de una declaratoria de herederos. La apelada mencionó que estas nuevas partes no tienen derecho hereditario sobre la estructura en controversia por haber sido construida con dinero privativo. Adujo que la señora Rodríguez de León, y madre de la apelante, no construyó la edificación.

El 4 de abril de 2018, la señora Caraballo Rodríguez presentó su *Contestación a la demanda enmendada.*[4] Nuevamente, negó que la apelada fuera titular de la estructura de cemento en cuestión. Negó también que la apelada fuera dueña del terreno donde enclava la misma. Indicó que la declaratoria de herederos no se unió a la demanda como mencionó la apelada.

---

[2] *Íd.*, Apéndice 2, págs. 5-8, SUMAC-TA.
[3] *Íd.*, Apéndices 3 y 4, págs. 9-13, 14-18, respectivamente, SUMAC-TA.
[4] *Íd.*, Apéndice 5, págs. 19-23, SUMAC-TA.

También, el 4 de abril de 2018, la señora Rodríguez de León presentó su *Contestación a la demanda enmendada*.[5] Indicó que es residente en Sacramento, California. Sostuvo que su hija, la señora Caraballo Rodríguez, ocupa la propiedad en controversia desde el año 2006 con su consentimiento. La señora Rodríguez de León alegó que es la persona que edificó, de buena fe, la estructura objeto del pleito. También alegó ser dueña y edificante de buena fe por haber construido la propiedad hace más de treinta (30) años. Agregó que la estructura enclava en terrenos del Estado Libre Asociado.

El 30 de abril de 2018, el Departamento de la Vivienda incoó su *Moción de desestimación de la demanda enmendada*.[6] La agencia indicó que es el dueño irrefutable del terreno donde única la propiedad objeto del pleito. Adujo que no es parte indispensable, por lo tanto, solicitó la desestimación de la demanda en su contra. Consideró que su participación en el litigio no es necesaria para dilucidar la controversia.

El 22 de mayo de 2018, notificada el 24 del mismo mes y año, mediante *Orden*, el foro primario, a petición de parte, anotó la rebeldía a la codemandada Keisha Marie Caraballo Fuentes.[7]

El 7 de septiembre de 2018, notificada el 13 del mismo mes y año, el foro primario, dictó *Sentencia Parcial*. En ella, consignó que, el 13 de noviembre de 2017, el foro primario ordenó la conversión del caso a uno ordinario por la naturaleza de las reclamaciones. En este dictamen parcial, se desestimó la acción judicial instada en contra del Departamento de la Vivienda.[8]

---

[5] *Íd.*, Apéndice 6, págs. 24-28, SUMAC-TA.

[6] *Íd.*, Apéndice 7, págs. 29-35, SUMAC-TA. Acorde con Consulta de Casos del Poder Judicial, en el caso NSCI201700479, una *Moción de Desestimación de la demanda enmendada* aparece como presentada el 30 de abril de 2018. El escrito en el expediente de SUMAC-TA aparece suscrito el 27 de abril de 2018.

[7] *Íd.*, Apéndice 10, pág. 45, SUMAC-TA. *Notificación.* Acorde con Consulta de Casos del Poder Judicial, en el caso NSCI201700479, una *Moción solicitando anotación de rebeldía* aparece como presentada el 7 de mayo de 2018.

[8] *Íd.*, Apéndices 8 y 9, págs. 36-44, respectivamente, SUMAC-TA.

Posterior a múltiples incidencias procesales, el 25 de enero de 2024, las partes presentaron su *Informe de conferencia con antelación al juicio enmendado*.[9]

El 27 de marzo de 2025, notificada el 1 de abril del mismo año, el foro primario emitió su *Sentencia*.[10] Entre otras cosas, determinó que la codemandada Keisha Marie Caraballo Fuentes fue emplazada el 5 de marzo de 2018. Con ello, concluyó que todas las partes indispensables se encontraban ante el Tribunal. También, consignó que la parte demandante informó que el número correcto de la Parcela en cuestión es la 207-B. En torno a la estructura, determinó que lo siguiente:

[...]

A base de la prueba documental, testifical y la presunción establecida de testimonio voluntariamente suprimido testigo, así como la credibilidad que nos merecieran los testigos, este Tribunal no alberga duda de que la estructura que ubica en la Parcela 207-B fue construida por la Sra. Raquel Torres de la Paz y el Sr. José Gilberto Caraballo Rodríguez con su propio peculio y esfuerzo. La señora Rodríguez de León no construyó la misma. A su vez, se concluye que la Sra. Carmen J. Caraballo Rodríguez habita dicha propiedad desde el 2005 sin el consentimiento de sus dueños y sin pagar canon alguno. Por tanto, la señora Caraballo Rodríguez es precarista.

[...]

Por lo anterior, declaró Ha Lugar la demanda presentada por la señora Torres de la Paz y el desahucio de la señora Caraballo Rodríguez y/o cualesquiera ocupantes de la estructura de la Parcela 207-B. Al no existir un contrato entre partes, el Tribunal declaró No ha Lugar el pago por arrendamiento. Entre otras cosas, el foro primario determinó una fianza en apelación en la suma de $25,000.00.

---

[9] *Íd.*, Apéndice 11, págs. 46-65, SUMAC-TA.
[10] *Íd.*, Apéndices 12 y 13, págs. 66-73, SUMAC-TA.

El 9 de mayo de 2025, notificada el 12 de mayo del mismo mes y año, mediante *Orden*, el foro primario, a petición de parte, emitió una notificación enmendada.[11]

Inconforme con la determinación del TPI, el 19 de mayo de 2025, por derecho propio y de *forma pauperis*, la señora Caraballo Rodríguez presentó el recurso de *Apelación* KLAN202500449, el cual fue acogido por esta Curia como *Certiorari*. Para dicha presentación, la apelante no consignó la fianza en apelación impuesta por el TPI. En esa ocasión, consideramos excesiva la fianza impuesta por el TPI.

El 24 de junio de 2025, notificada el 25 de junio del mismo año, este mismo panel, mediante *Sentencia*, modificó la fianza de $25,000.00 a $1,000.00.[12]

A tenor con lo anterior, el 18 de noviembre de 2025, el foro primario emitió y notificó una *Sentencia Enmendada*.[13] En ella, modificó la fianza según lo resuelto por esta Curia.

Así las cosas, el 21 de noviembre de 2025, la parte apelante presentó ante el TPI una *Moción de presentación de fianza*.[14]

Posteriormente, el 26 de noviembre de 2025, la parte apelante presentaron el recurso de *Apelación* ante nos e imputó al TPI el siguiente error:[15]

> PRIMER ERROR: ERRÓ GRAVEMENTE EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR EL DESAHUCIO DE LA PARTE DEMANDADA, A PESAR DE LA **MANIFIESTA INSUFICIENCIA DE LA PRUEBA PRESENTADA** POR LA SEÑORA RAQUEL TORRES DE LA PAZ Y EL SEÑOR JOSÉ JAVIER CARABALLO TORRES, PARTE DEMANDANTE EN ESTE CASO. CON DICHA DETERMINACIÓN, EL FORO PRIMARIO **AVALÓ UNA INJUSTICIA QUE DESPOJA A LA PROPIETARIA DEL INMUEBLE DE SU HOGAR**, SIN QUE

---

[11] *Íd.*, Apéndice 15, pág. 75. Notificación de *Orden* emitida el 9 de mayo de 2025, y notificada el 12 de mayo de sobre una *Moción solicitando notificaci[ó]n de sentencia por edicto*. También, véase, Apéndice 14, pág. 74. *Notificación Enmendada* de 12 de mayo de 2025, que incluye la siguiente anotación: "NOTAS DE LA SECRETARÍA: SE ENMIENDA LA NOTIFICACI[Ó]N A LOS FINES DE INCLUIR A LA SRA. KEYSHA M. CARABALLO TORRES."

[12] Este Tribunal toma conocimiento judicial de la *Sentencia* que emitimos en el caso KLAN202500449. Consulta de Casos del Poder Judicial muestra la Sentencia como notificada el 25 de junio de 2025.

[13] *Íd.*, Apéndices 16 y 17, págs. 76-83, SUMAC-TA.

[14] *Íd.*, Apéndice 18, págs. 84-85, SUMAC-TA. El número del Recibo Oficial por concepto de fianza es 9974 por la cantidad de $1,000.00.

[15] Entrada Núm. 1, SUMAC-TA.

MEDIARA PRUEBA FEHACIENTE NI CONVINCENTE QUE ACREDITARA QUE LOS DEMANDANTES CONSTRUYERON LA RESIDENCIA EN CONTROVERSIA. NINGUNO DE ELLOS LOGRÓ CUMPLIR CON EL ESTÁNDAR MÍNIMO DE **PREPONDERANCIA DE LA EVIDENCIA**, POR LO QUE LA DECISIÓN IMPUGNADA **NO SOLO CARECE DE FUNDAMENTO PROBATORIO, SINO QUE PERPETÚA UN AGRAVIO A QUIEN CON ESFUERZO EDIFICÓ UN INMUEBLE.** (Énfasis en el original)

El 26 de noviembre de 2025, las apelantes presentaron ante nos la *Moción de presentación de fianza.*[16]

El 5 de diciembre de 2025, emitimos una *Resolución* en la que concedimos a la parte apelante hasta el 10 de diciembre de 2025 para proveer evidencia de notificación por edicto de la *Sentencia Enmendada* emitida el 18 de noviembre de 2025, toda vez que existe una parte codemandada en rebeldía en el pleito.[17] La parte apelante no cumplió con lo ordenado.

Tras un estudio objetivo, sereno y cuidadoso de los argumentos de las partes y de la totalidad del expediente, procederemos a consignar la normativa jurídica atinente a la controversia ante nos.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Greene, et als. v. Biase et als.***, 2025 TSPR 83, 216 DPR ___ (2025); ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla***

---

[16] Entrada Núm. 2, SUMAC-TA.
[17] Entrada Núm. 4, SUMAC-TA.

*v. ELA et al.,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83(c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), nos autoriza a desestimar un recurso por falta de jurisdicción.

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta entre ellas por su pertinencia: la falta de madurez. Un recurso es prematuro cuando se presenta antes de que el tribunal tenga jurisdicción para atenderlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). Es decir, es prematuro cuando se radica previo a que haya nacido autoridad judicial para considerar el asunto y, por ello, su presentación carece de eficacia. *Torres Martínez v. Torres Ghigliotty,* supra, pág. 98.

**B.**

Nuestro estado de derecho impone que todas las partes en el litigio sean notificadas adecuadamente de las sentencias, resoluciones y órdenes judiciales.[18] Es norma reiterada que una notificación adecuada es parte esencial del debido proceso de ley y que constituye la llave que permite los trámites posteriores de ejecución. Por lo tanto, no es un mero requisito, sino que su importancia radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores al dictamen final emitido en un proceso adjudicativo. ***Plan de Salud Union v. Seaboard Sur Co.***, 182 DPR 714, 722 (2011), citando a ***Dávila Pollock et als. V. R.F. Mortgage***, 182 DPR 86, 94 (2011).

Una sentencia es efectiva a partir del archivo en autos de la constancia de su notificación a las partes. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, San Juan, PR, pág. 422. La efectividad de la sentencia incide en su ejecutoriedad, no en su validez. Así surge de la Regla 46 de Procedimiento Civil, *supra,* la cual indica que, si se incumple con el trámite de notificación de sentencias, estas no surtirán efecto alguno, ni podrán ser ejecutadas. ***Falcón Padilla v. Maldonado Quirós***, 138 DPR 983, 990 (1995). Por lo tanto, el defecto en la notificación tiene como efecto que los términos de los

---

[18] Véase Regla 46 y 65.3(a) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, RR. 46, 65.3(a). Estas reglas, en lo pertinente, rezan como sigue:

Regla 46. Notificación y Registro de Sentencias

Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo. …

Regla 65.3. Notificación de órdenes y sentencias

(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67.

procedimientos post sentencia no podrán comenzar a transcurrir. Íd.

Las Reglas de Procedimiento Civil, *supra*, establecen el modo para efectuar la notificación de una Sentencia cuando la parte demandada se encuentra en rebeldía por falta de comparecencia. La Regla 65.3 (c) dispone en lo pertinente:

[...]

> En el caso de partes en rebeldía que hayan sido emplazadas, por edictos y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado. (Énfasis nuestro). Regla 65.3 (c) de Procedimiento Civil, *supra*.

En cuanto a la última dirección conocida de una persona involucrada en el pleito que no ha sido localizada, nuestro Tribunal Supremo ha resuelto que la notificación mediante este mecanismo resulta ser uno inadecuado e inoperante. Toda vez, que dicha persona no fue localizada en su última dirección conocida al momento de diligenciar su emplazamiento y se desconoce su paradero, es lógico concluir que esa persona tampoco recibirá la notificación de la sentencia en dicha dirección. ***Falcón Padilla v. Maldonado Quirós***, *supra*, a la pág. *992* (1995).

En ***Yumac Home v. Empresas Massó***, 194 DPR 96 (2015), nuestro más alto foro reiteró que la notificación de la Sentencia mediante edictos se limitará a los casos en que los demandados en

rebeldía y no comparecientes, hayan sido emplazados por edicto, pues se desconocía su paradero.

**IV.**

En el caso de marras, el TPI emitió una *Sentencia* la cual resolvió entre otras cosas, que procedía el desahucio de la señora Caraballo Rodríguez y/o cualesquiera ocupantes de la estructura de la Parcela 207-B de la Comunidad Malpica, en el Barrio Ciénaga Alta de Río Grande. Se prestó la fianza en apelación, requerida en estos casos.

Inconformes, las apelantes acuden a esta Curia y nos solicitan la revisión de dicha determinación. En su escrito, las apelantes expresaron lo siguiente:

[...]

**Es preciso señalar que al día de hoy el TPI no ha emitido notificación de sentencia por edicto, lo que podría resultar en una notificación defectuosa que no permite que la sentencia adquiera finalidad, por lo que la presentación de este recurso pudiera resultar prematura, no obstante se hace en ánimo de salvaguardar el derecho de la parte apelante a recurrir a la sentencia.** (Énfasis y subrayado en el original)

[...]

Ante este reconocimiento voluntario, otorgamos a las apelantes hasta el 10 de diciembre de 2025 para que presentaran evidencia de la notificación por edicto de la *Sentencia Enmendada*. La evidencia solicitada no fue recibida por este Tribunal, incumpliendo las apelantes con lo ordenado.

Según pormenorizamos precedentemente, el 27 de marzo de 2025, notificada el 1 de abril del mismo año, el foro primario dictó la *Sentencia* en este caso. De esa determinación, mediante *Orden*, el TPI respondió a la petición de parte intitulada *Moción solicitando notificaci[ó]n de sentencia por edicto* y emitió una notificación enmendada para incluir a la codemandada Keisha Marie Caraballo Fuentes. Del expediente ante nuestra consideración surge que el

foro primario anotó la rebeldía a la codemandada Keisha Marie Caraballo Fuentes y no surge trámite adicional sobre este asunto.

En virtud de un dictamen posterior que emitimos en el caso KLAN202500449, el TPI emitió una *Sentencia Enmendada*, a los fines de consignar la fianza en apelación, según modificada por este panel. Hemos examinado las incidencias del trámite procesal ante el TPI y no podemos identificar dictamen a los efectos de ordenar una notificación por edicto de la sentencia recurrida. Tampoco se nos ha puesto en posición de auscultar nuestra jurisdicción.

En ausencia de evidencia de la publicación de esta *Sentencia Enmendada* por edicto, y en virtud de la Regla 83(c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), carecemos de jurisdicción para intervenir en la adjudicación del caso, en esta etapa de los procedimientos.

### V.

Por los fundamentos que anteceden, se desestima la *Apelación* de epígrafe por ser prematura y carecer de jurisdicción este Tribunal para intervenir.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones